Leonor **MARTINEZ**, Appellant,

v.

Julia **MARTINEZ**, Appellee.

No. 04–00–00514–CV.

Court of Appeals of Texas, San Antonio.

Aug. 29, 2001.

Rafael Leal, San Antonio, for Appellant.

Carmen Ramirez, San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, and SARAH B. DUNCAN, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Leonor Martinez has filed a restricted appeal challenging the trial court's award of $33,600 in child support arrearages. Because we agree with Leonor that the pleadings do not support a judgment for child support "arrearages," we modify the trial court's judgment to delete the award. As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

It appears from Julia Martinez's petition, filed September 2, 1999, that she and Leonor were married May 18, 1980 and separated January 6, 1986; and the couple had two daughters, who were 17 and 14 when the divorce petition was filed. Julia's petition asked the court to: (1) grant a divorce; (2) appoint Julia and Leonor joint managing conservators of their two daughters; and (3) approve the Martinezes' agreement regarding the division of their community property or, failing agreement, to order a division of their estate.

In response to Julia's petition, on October 26, 1999, Leonor filed a notarized waiver of citation. *See* TEX.FAM.CODE ANN. § 6.4035 (Vernon 1998). In the waiver, Leonor acknowledged receipt of a copy of Julia's original petition; stated he had read and understood it; entered a general appearance; waived the issuance, service, and return of citation; and waived the making of a reporter's record. The waiver included Leonor's current mailing address.

On February 10, 2000, the trial court signed a final decree of divorce. The decree states Julia appeared in person and by and through her attorney, and Leonor had filed a waiver of citation but did not otherwise appear for trial. The decree further states that the parties, with the court's consent, had waived a jury and the making of a reporter's record. The decree names Julia and Leonor joint managing conservators of their two daughters and contains standard possession, medical, and health insurance orders. The decree then orders Leonor to pay child support of $300 each month and $33,600 in "arrearages." On August 2, 2000, Leonor filed a notice of restricted appeal.

## ADEQUACY OF PLEADINGS

Leonor contends the trial court erred in awarding a judgment for "arrearages" in the absence of a pleading requesting that relief. We agree. "Specific notice is required when retroactive child support is being sought." *In re J.G.Z.,* 963 S.W.2d 144, 148 (Tex.App.—Texar-

kana 1998, no pet.);[1] *cf. Clements v. Barnes,* 834 S.W.2d 45, 46 47 (Tex.1992) (holding that inadequate pleading would not support default judgment and was error apparent on the face of the record).

## CONCLUSION

Because Julia's petition did not provide Leonor with specific notice that she was seeking retroactive child support, we modify the trial court's decree to delete the award to Julia Martinez of a money judgment against Leonor Martinez for $33,600 in child support "arrearages." As modified, the trial court's decree is affirmed.

ALMA L. LÓPEZ, Justice, concurs in judgment only.

---

1. We recognize the trial court's decree purports to award the $36,600 as "arrearages." However, there cannot be a judgment for arrearages absent the failure to comply with an existing support order. *See In re J.G.Z.,* 963 S.W.2d at 148.