228 S.W.3d 462 (2007)
In the Interest of B.M., A Child.
No. 05-06-00431-CV.
Court of Appeals of Texas, Dallas.
June 25, 2007.
Rehearing Overruled August 3, 2007.
*463 Robert D. Wilson, Law Offices of Robert D. Wilson, P.C., Dallas, for appellant.
Michael Markham, Tyler, appellee pro se.
Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, for appellee.
Before Justices O'NEILL, LANG-MIERS, and MAZZANT.

OPINION
Opinion by Justice MAZZANT.
Bridgett[1] Hughes Williams, the mother of B.M., brings this restricted appeal of the trial court's order modifying the parent-child relationship in favor of the child's father, Michael Markham. Williams brings two issues asserting the trial court erred in rendering a final default judgment against her. We reverse the trial court's judgment and remand the cause for further proceedings.

BACKGROUND
B.M. was born February 21, 2002. In October 2002, the trial court appointed Williams and Markham joint managing conservators with Williams having the right to determine the child's primary residence, and the court ordered Markham to pay child support to Williams. On June 5, 2005, the Attorney General filed a contempt action against Markham to collect accrued but unpaid child support. On November 1, 2005, Markham answered, alleging he had exclusive possession of the child since June 1, 2004 when Williams "abandoned" B.M. into his custody. Markham requested the Attorney General and the trial court order Williams to pay him child support.
On November 2, 2005, Markham filed his "Cross-Motion to Modify in Suit Affecting the Parent-Child Relationship." Markham asserted that all child support due should be suspended as of June 1, 2004 when the child came to live with him full time. He stated that the circumstances of the child had materially and substantially changed since the last order and that "the Court should set up supervised periods of possession by Bridgette *464 [Williams] with the child. . . ." The motion then asked the court "to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the child" including:
Appointing Michael Markham as temporary sole managing conservator and [Williams] as temporary possessory conservator.
Ordering [Williams] to have supervised visitation with the child.
Ordering [Williams] to pay child support during the pendency of this suit.
Requiring [Williams] to undergo random drug tests.
Enjoining [Williams] from taking possession of the child from Michael Markham.
On November 14, 2005, a hearing was held before the associate judge on the motion. According to the court's order, Williams, "although duly and properly notified, did not appear and wholly made default." The court then appointed Markham sole managing conservator and Williams possessory conservator. The order gave Markham "the right to establish the primary residence of the child without regard to geographical location"; it permitted Williams to have only supervised possession of B.M. in Markham's presence; and it required Williams to pay Markham child support. The order also contained a permanent injunction prohibiting Williams from taking possession of the child from Markham or "[t]aking possession of the child from the school, day care or any other location where the child may be found."[2] The order also observed that the Attorney General nonsuited its contempt action against Markham. On March 29, 2006, Williams filed her notice of appeal.

RESTRICTED APPEAL
A restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party; (3) who did not participate in the trial; and (4) the error complained of must be apparent on the face of the record. TEX.R.APP. P. 26.1(c), 30; Sutton v. Hisaw & Assocs. Gen. Contractors, Inc., 65 S.W.3d 281, 284 (Tex.App.-Dallas 2001, pet. denied). For purposes of a restricted appeal, the face of the record consists of all the papers on file before the judgment as well as any reporter's record. Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist., 180 S.W.3d 903, 904-05 (Tex.App.-Dallas 2005, pet. denied). The record establishes Williams met the first three requirements. The remaining issue is whether there is error on the face of the record.

PLEADINGS
In her first issue, Williams asserts Markham's motion to modify was legally insufficient to support the judgment against Williams. Williams complains that the trial court's entry of a final order was not supported by Markham's pleading, which requested only temporary relief.
We review a trial court's decision on a motion to modify under an abuse-of-discretion standard. See Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex.App.-Dallas 1999, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. Id.
*465 Rule of civil procedure 301 requires that a judgment conform to the pleadings. TEX.R. CIV. P. 301. However, "[p]leadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rulings." Peck v. Peck, 172 S.W.3d 26, 35 (Tex.App.-Dallas 2005, pet. denied) (quoting MacCallum v. MacCallum, 801 S.W.2d 579, 586 (Tex. App.-Corpus Christi 1990, writ denied)). "[A] suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings." Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967).
Here, Markham's motion to modify requested only temporary relief regarding the change in conservatorship and other custodial issues. It did not request the court to enter a final order affecting the conservatorship and custodial matters. Because the motion to modify in this case requested only temporary relief regarding conservatorship and custody, it did not vest the court with the power to issue a final decree concerning conservatorship and custody of the child.
Markham also cites In re D.W.K., No. 13-03-760-CV, 2005 WL 2002464 (Tex. App.-Corpus Christi Aug. 22, 2005, no pet.) (mem.), in support of his argument that his motion to modify was sufficient to permit the court to enter the final order.[3] One of the issues in that case was whether the court's order increasing the appellant's child-support burden conformed to the appellee's pleading. The court determined the order conformed to the appellee's pleading. Id. at *2. However, the court also stated that a trial judge could increase an award of child support without pleadings and "may even award child support without any request for it in the pleadings." Id. We disagree with Markham that In re D.W.K. is applicable to the case before us. The court's authority to modify without pleadings the amount of child support a parent must pay does not authorize the court to enter sua sponte a final order changing a parent from managing conservator with custody of the child to a possessory conservator without custody.
We conclude the trial court abused its discretion in rendering a final order on custody of the child when the motion to modify requested only temporary relief. Having found error on the face of the record, we sustain Williams's first issue. Because of our resolution of the first issue, we do not reach Williams's second issue.
We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.
NOTES
[1] Williams's given name takes a variety of spellings throughout the record, including "Bridgett," "Brigette," and "Bridgette." "Bridgett" is the spelling on appellant's notice of appeal and appears to correspond to her signature.
[2] An associate judge has authority to render and sign a final default order, and the order constitutes an order of the referring court. TEX. FAM.CODE ANN. § 201.007(a)(14)(B), (c) (Vernon Supp.2006).
[3] Markham also cites In re D.T.M., No. 01-01-00241-CV, 2002 WL 31521151 (Tex.App.-Houston [1st Dist.] Nov. 14, 2002, no pet.) (not designated for publication). "Opinions not designated for publication by the court of appeals . . . have no precedential value. . . ." TEX.R.APP. P. 47.7. Because the unpublished opinion has no precedential value, we do not consider its applicability to the case before us.