Affirmed and Memorandum Opinion filed November 29, 2007








Affirmed and Memorandum Opinion filed November 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00115-CV

____________

 

CARLA RUTH CAIN, Appellant

 

V.

 

ANTHONY WILFRED CAIN, Appellee

 



 

On Appeal from the 25th
District Court

Colorado County, Texas

Trial Court Cause No. 21,537

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Carla Ruth Cain, appeals the trial court=s appointment of
appellee, Anthony Wilfred Cain, as the joint managing conservator with the
exclusive right to determine the primary residency of their two children,
K.L.A.C. and L.B.C.  We affirm.[1]








Factual and Procedural Background

The Cains were married in 1995 and they had two children. 
After eleven years of marriage, Anthony filed for divorce in March 2006.  In
his original petition for divorce, Anthony asserted that the parties should be
appointed joint managing conservators and that the residence of the children
should be limited to Colorado and surrounding counties.  Carla eventually filed
an amended counter-petition for divorce in which she asked the trial court to
appoint both parents joint managing conservators.  Carla also asked the trial
court to appoint her as the managing conservator with the exclusive right to
designate the primary residence of the children.  Beyond agreeing that both
parents should be appointed joint managing conservators, the Cains could agree
on little else, even after an effort to mediate the disputed issues.

The trial court held two hearings, the first of which was
an evidentiary hearing.  During that hearing, both Anthony and Carla
testified.  While most of the testimony focused on the property division and
the issue of spousal maintenance, both Anthony and Carla gave testimony
relevant to the issue of which parent should be appointed the managing conservator
with the exclusive right to designate the primary residence of the children.

Anthony testified first and he stated his belief that Carla
has an anger problem.  Anthony then testified, without objection, to previous
incidents in which Carla broke doors off cabinets, tore a telephone off the
wall, broke dishes, and scratched and slapped Anthony.  Anthony also testified
Carla=s anger was so out
of control during one incident that their daughters fled the house, ran to Anthony=s mother=s house and did
not want to return home for three days. Anthony also testified that Carla, as
part of a probation, was ordered by a court in Austin to take anger management. 
Anthony testified he believes Carla denigrates their daughters and has called
one of them fat.  Anthony also recounted Carla=s threat to take
their daughters to Oklahoma and then let him worry about visitation.  Anthony
also admitted that he and Carla had disagreements over his consumption of
alcohol in the presence of the 








children
as well as about the level of his family=s involvement in
their family=s life.  Anthony testified that he did not have a
problem with the court imposing a permanent injunction prohibiting him from
consuming alcohol in the presence of his children as long as it was a mutual
prohibition.  As far as the children=s education,
Anthony testified that he fully supported sending the children to private
school.   Anthony also testified regarding his income and work schedule. 
Anthony testified he earns between $96,000 and $100,000 annually.  According to
Anthony, his job requires that he travel to the work location and that he works
for five days and then is off for five days.  Finally, Anthony testified that
he enjoys being with his children, and they enjoy being with him.

Carla testified after her husband.  Carla denied having an
anger problem, but she admitted to tearing the hinges off a cabinet door out of
anger at Anthony.  She also admitted that she was out of control during that
incident and that she was ordered by a court to take anger management.  Carla
denied she still has an anger problem but admitted she still gets angry at
Anthony=s family.  Carla
also testified about both her and Anthony=s consumption of
alcohol.  Carla stated that while she no longer consumes alcohol, in the past
her consumption of alcohol possibly interfered with her being a mother.  She
also testified she quit drinking alcohol on several different occasions in the
past.  Carla denied she has a drinking problem and stated she believes that
Anthony and his family do have a problem.  Carla recounted an incident in which
Anthony, after consuming alcohol, drove his family in a car at speeds in excess
of 100 miles per hour.  Carla also recounted that she has called the police
because she was in fear of Anthony=s anger.  Carla
denied that she thinks one of her daughters is fat or that she has called her
fat.  Carla also desired that the children continue attending private school
for their education.  Carla also testified regarding her employment.  Since
moving to Washington County, Carla had worked for Stewart & Stephenson, at
a chicken restaurant, and she had also sold jewelry.  Carla testified that she
had recently obtained a real estate license and hoped to be making at least
$20,000 a year in the near 








future. 
Finally, Carla testified that she believed that the best interest of the
children would be best served through a joint managing conservatorship with
standard visitation orders even though Anthony=s work schedule
would significantly interfere with his ability to spend time with his children
under a standard visitation order. 

At the end of the first hearing, the trial court granted
the divorce.  It took the issues of custody, visitation, support, and the
division of property under advisement.

At the second hearing, the trial court announced that the
issues to be resolved that day included the right to establish residency,
visitation, child support, and spousal support.  Carla=s attorney lodged
no objection to that rendition of the issues to be resolved.  When Carla=s counsel argued
that Anthony and Carla had agreed that Carla would be the managing conservator
with the exclusive right to designate the primary residence of the children,
the trial court interrupted and stated AYou all agreed to
joint, managing conservatorship.  I don=t think there was
any agreement as to who would establish residency.@  Carla=s counsel then
conceded the trial court was correct.

At the conclusion of the second hearing, the trial court
appointed the parents joint managing conservators with Anthony having the
exclusive right to designate the primary residence.  The trial court also
ordered that Carla would pay child support based on minimum wage and that there
would be no spousal support.

Discussion








In a single issue on appeal, Carla contends the trial court
abused its discretion when it appointed Anthony the managing conservator with
the exclusive right to designate the primary residence of the children.  Within
that issue, Carla makes two sub-arguments.  First, Carla contends the trial
court abused its discretion because there was legally and factually
insufficient evidence that it was in the best interest of the children for
Anthony to be appointed the managing conservator with the exclusive right to
designate the children=s primary residence.  Second, Carla argues
the trial court abused its discretion because Anthony=s pleadings do not
support the relief granted by the trial court.

A.      Standard
of Review

We review a trial court=s decision on
custody, control, possession, and visitation matters for abuse of discretion,
and reverse the trial court=s order only if we determine, from
reviewing the record as a whole, that the trial court abused its discretion.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  A trial court abuses its
discretion only if it acts arbitrarily or unreasonably, without reference to
any guiding rules or principles.  Owens-Corning Fiberglass Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).  Under this standard of review, legal and
factual sufficiency of the evidence, although not independent grounds for
asserting error, are relevant factors in assessing whether the trial court
abused its discretion.  Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex. App.CDallas 1999, no
pet.).  In a legal sufficiency review, we view the evidence in a light
favorable to the finding, crediting favorable evidence if a reasonable
factfinder could, and disregarding contrary evidence unless a reasonable
factfinder could not.  City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005).  When reviewing the factual sufficiency of the evidence, we
examine all of the evidence and set aside a finding only if it is so contrary
to the evidence as to be clearly wrong and unjust.  Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).  There is no abuse of discretion as long as some
evidence of a substantive and probative character exists to support the trial
court=s decision.  In
re T.L.J., 97 S.W.3d 257, 266 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).

 

 

 

 








B.      Did the
Trial Court Abuse Its Discretion When It Appointed Anthony Managing Conservator
With The Exclusive Right to Designate Residency?

1.       There is
Legally and Factually Sufficient Evidence Supporting the Trial Court=s Decision

The best interest of the child is the primary consideration
in determining issues of conservatorship.  Tex. Fam. Code Ann. ' 153.002 (Vernon
2002); In re V.L.K., 24 S.W.3d 338, 342 (Tex. 2000).  Because the trial
court faces the parties, observes their demeanor, and has an opportunity to
evaluate the claims made by each parent, the trial court has wide latitude in
determining the best interest.  Gillespie, 644 S.W.2d at 451; Martinez
v. Molinar, 953 S.W.2d 399, 403 (Tex. App.CEl Paso 1997, no
writ).  When addressing conservatorship issues, courts may use the
nonexhaustive list of Holley factors to determine the child=s best interest.  See
Holley v. Adams, 544 S.W.2d 367, 371B72 (Tex. 1976); see
also Vazquez v. Vazquez, --- S.W.3d ---, No. 14-05-01257-CV, 2007 WL
1745324 at *3 (Tex. App.CHouston [14th Dist.] June 19, 2007, no
pet.) (applying Holley factors to determine best interest in a
conservatorship case).  The Holley factors include: (1) the desires of
the children; (2) the emotional and physical needs of the children now and in
the future; (3) the emotional and physical danger to children now and in the
future; (4) parental abilities of the individuals involved; (5) programs
available to those individuals to promote the best interest of the children;
(6) plans for the children by these individuals; (7) stability of the home or
proposed placement; (8) acts or omissions of the parent which may indicate that
the existing parent-child relationship is not proper; and (9) any excuse for
the acts or omissions of the parent.  Holley, 544 S.W.2d at 371B72.








The evidence recounted above, when viewed in a light
favorable to the trial court=s decision, is legally sufficient evidence
to support the trial court=s determination that appointing Anthony
the managing conservator with the exclusive right to designate residency  was
in the best interest of the Cain children.  In addition, after examining all of
the evidence, the trial court=s decision is not so contrary to the
evidence as to be clearly wrong and unjust.  Because there was sufficient
evidence supporting the trial court=s decision, we
hold the trial court did not abuse its discretion when it appointed Anthony the
managing conservator with the exclusive right to designate the residency of his
children.  We overrule Carla=s first sub-issue.

2.       Anthony
Did Not Agree Carla Should Be Appointed Managing Conservator With The Exclusive
Right to Designate Residency

Within her brief, Carla contends the evidence is
insufficient, in part, because Anthony had agreed that Carla should be
appointed managing conservator with the exclusive right to designate primary
residency.  Because the record is bare of any such agreement, we disagree.

Rule 11 of the Texas Rules of Civil Procedure provides that
Ano agreement
between attorneys or parties touching any suit pending will be enforced unless
it be in writing, signed and filed with the papers as part of the record, or
unless it be made in open court and entered of record.@  Tex. R. Civ. P. 11.  Because there is no written
agreement regarding who would be appointed the managing conservator with the
exclusive right to designate residence to be found in the record, and no
agreement was made in open court and entered of record, this contention is
without merit.  

3.       The Trial
Court Did Not Abuse Its Discretion By Granting Anthony Relief He Did Not
Request in His Pleadings








Carla contends the trial court abused its discretion
because it granted Anthony relief he did not request in his pleadings.  In his
original petition for divorce, Anthony asked the trial court to appoint both
parents joint managing conservators and that it should limit  the residence of
the children to Colorado and surrounding counties.  In Carla=s  amended
counter-petition for divorce, she asked the trial court to appoint both parents
joint managing conservators.  In addition, Carla asked the trial court to
appoint her as the managing conservator with the exclusive right to designate
the primary residence of the children.  According to Carla, this state of the
pleadings obligated the trial court to designate her as the managing
conservator with the exclusive right to designate the primary residence of the
children regardless of the evidence introduced during the trial.  We disagree
with this contention.

Rule 301 requires that a Ajudgment . . .
conform to the pleadings, the nature of the case proved and the verdict, if
any, and shall be so framed as to give the party all the relief to which he may
be entitled either in law or equity.@  Tex. R. Civ. P. 301.  The trial court=s judgment in this
case complies with this rule.   In child custody cases, the paramount concern
for a court is the best interest of the child; therefore, pleadings are of
little importance, and the trial court=s efforts to
exercise broad, equitable powers in determining what will be best for the
future welfare of a child should not be hampered by narrow technical rulings.  In
re B.M., 228 S.W.3d 462, 465 (Tex. App.CDallas 2007, no
pet.).  Once the parties have properly invoked a court=s jurisdiction,
the court is given wide discretion in the proceedings and is vested with
decretal powers regarding all relevant custody, control, possession, and
visitation matters involving the child.  Id.  Here, Carla placed the
issue of which party would be the managing conservator with the exclusive right
to designate the primary residence of the children into the hands of the trial
court when she included a request for that relief in her amended
counter-petition for divorce.  Once Carla placed that issue before the trial
court, the trial court then had the discretionary authority to designate the
parent as the managing conservator with the exclusive right to designate the
primary residence of the children  whom it believed would  serve the best
interest of the Cain children.  To require otherwise would impermissibly place
adherence to a technical rule of procedure above the best interest of the
children. 








In any event, even if we were to decide that Carla=s placing this
issue in her pleadings was insufficient to allow the trial court to select
between the two parents, this issue was tried by consent.  When issues not
raised by the pleadings are tried by express or implied consent of the parties,
they shall be treated in all respects as if they had been raised in the
pleadings.  Tex. R. Civ. P. 67. 
In order to determine whether an issue was tried by consent, a reviewing court
must examine the record not for evidence of the issue, but rather for evidence
of trial of the issue.  Halla v. Halla, No. 14-06-01126-CV, 2007 WL
2367600, at *2 (Tex. App.CHouston [14th Dist.] Aug. 21, 2007, no
pet.) (mem. op.).  Consent may be found where evidence regarding a party=s unpleaded issue
is developed under circumstances indicating both parties understood the issue
was in the case, and the other party failed to make an appropriate complaint.  Id.








Here, the Cains agreed they should be appointed joint
managing conservators of their two children.  Therefore, the evidence recounted
above in the factual background section of this opinion could only be relevant
to the issue of which parent would best serve as the managing conservator with
the exclusive right to designate the primary residence of the children and
serves as evidence that both parties understood this issue was in the case.  In
addition, the fact Carla=s counsel asked Anthony the following
question A[d]o you think that there is any reason . . . that
your wife should not be appointed as the managing conservator who designates
the primary residence of . . . your children?@ serves as
additional evidence that the parties understood this issue was in the case and
to be resolved by the trial court.  Finally, despite Carla=s contention
otherwise, there was no objection in the record to the trial court=s resolving the
issue of which parent would be selected as the managing conservator with the exclusive
right to designate the primary residence of the children.  Indeed, the record
demonstrates that not only did Carla not object to the introduction of such
evidence, but during the second hearing, she (1) agreed with the trial court
that the issue was one of several to be resolved by the trial court; and (2)
did not lodge an objection when the trial court included the right to establish
residency on the list of issues to be resolved.[2] 
Because the trial court did not abuse its discretion when it appointed Anthony
the managing conservator with the exclusive right to designate the primary
residence of the children, we overrule Carla=s second
sub-issue.

Conclusion

Having overruled appellant=s only issue on appeal, we affirm
the trial court=s judgment.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 29, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

 

 









[1]  The court took appellee=s Motion to Supplement the Record With Undisputed
Exparte Communication under consideration with the case.  We granted appellee=s motion and considered the materials addressed in
appellee=s motion in the decision of this case.  





[2]  During the second hearing, the following exchange
took place between the trial court and Carla=s
counsel:

The Court:         You all agreed to
joint, managing conservatorship.  I don=t
think there was any agreement as to who would establish residency.

Counsel:            Mr. Cain=s proposed decreeB

The Court:         His proposed decree,
but right now that=s only a proposed decree.  That=s still up to me, as far as I=m concerned.

Counsel:            Okay.  I=m not saying B
what I meant by Aagreed@ was their
proposal and our proposal are the same.

The Court:         Well, yeah, but once
again, your clients have put their family in my handsBthe future of their family.

Counsel:            Correct.