NUMBER 13-07-413-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE INTEREST OF J.A.A., A CHILD


 


On appeal from the 267th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Yañez



 Appellant, the mother of J.A.A., brings this restricted appeal from the trial court's
entry of a no-answer default judgment in a paternity proceeding brought by appellee, the
father of J.A.A. Through three issues, appellant contends the trial court erred in entering
orders for the conservatorship and support of the child because appellee did not request
such relief in his pleadings. (1) As modified, the judgment is affirmed.

 To prevail on her restricted appeal, appellant must establish that: (1) she filed
notice of the restricted appeal within six months after the judgment was signed; (2) she was
a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in
the judgment complained of and did not timely file any postjudgment motions or requests
for findings of fact and conclusions of law; and (4) error is apparent on the face of the
record. (2) The record establishes that appellant met the first three requirements; only the
fourth element is at issue.

 Appellant argues that the trial court erred by granting relief on a default basis without
notice to her, and that error is apparent on the face of the record. Specifically, appellant
contends the trial court erred in granting appellee substantially more relief than he sought
in his petition. The purpose of appellee's suit, as stated in his petition, was as follows: 
"Petitioner seeks to establish the parent-child relationship between [appellee] and [J.A.A.]." 
Appellee's prayer was similarly limited in scope, stating that "[p]etitioner prays for an order
adjudicating parentage." Aside from requesting an order adjudicating parentage, appellee
had not pled for any further relief. In its default judgment, however, the trial court found
that appellee was the father of J.A.A. and then ordered a parenting plan designating
appellant and appellee joint managing conservators.

 A default judgment must be supported by the pleadings. (3) The defendant must have
fair notice of the plaintiff's cause of action and the relief sought. (4) A judgment not supported
is erroneous. (5) A party may not be granted relief in the absence of pleadings to support that
relief, absent trial by consent. (6) However, there can be no trial by consent on issues
decided by default judgment. (7)

 By granting more relief than appellee requested in his petition, the trial court erred,
and that error is apparent on the face of the record. (8) Although detailed pleadings are not
required in suits affecting the parent-child relationship, (9) we conclude that appellee's
pleadings were too general to put appellant on notice that he would attempt to have the
trial court set out a parenting plan providing for J.A.A.'s conservatorship, support, and
health-care expenses. Accordingly, we sustain appellant's issues.

 Because appellee's petition did not provide appellant with notice that he was
seeking any of the relief afforded to him by the trial court's parenting plan, we delete that
portion of the judgment. (10) As modified, the trial court's judgment is affirmed. (11)


 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum Opinion delivered and filed 

this the 14th day of February, 2008.

1. Appellee did not file a brief.
2. See Tex. R. App. P. 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Bazan
v. Canales, 200 S.W.3d 844, 846-47 (Tex. App.-Corpus Christi 2006, no pet.).
3. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979).
4. Id. at 683.
5. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983).
6. Id.
7. Westchester Fire Ins. Co. v. Nuckols, 666 S.W.2d 372, 375 (Tex. App.-Eastland 1984, writ ref'd
n.r.e.).
8. See In re B.M., 228 S.W.3d 462, 464-65 (Tex. App.-Dallas 2007, no pet.); Binder v. Joe, 193
S.W.3d 29, 32-33 (Tex. App.-Houston [1st Dist.] 2006, no pet.); Martinez v. Martinez, 61 S.W.3d 589, 590-91
(Tex. App.-San Antonio 2001, no pet.).
9. Binder, 193 S.W.3d at 33; see MacCallum v. MacCallum, 801 S.W.2d 579, 586 (Tex. App.-Corpus
Christi 1990, writ denied) ("Pleadings are of little importance in child custody cases and the trial court's efforts
to exercise broad, equitable powers in determining what will be best for the future welfare of a child should
be unhampered by narrow technical rulings.").
10. The portion of the judgment being deleted begins with the title "Parenting Plan" on the second page
of the trial court's judgment.
11. See Martinez, 61 S.W.3d at 591.