COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-021-CV

 

 

JEFFREY I. RUBINETT                                                           APPELLANT

 

                                                   V.

 

SHARON M. RUBINETT                                                           APPELLEE

 

                                              ------------

 

           FROM THE 325TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This appeal stems from the divorce of Appellant
Jeffrey I. Rubinett and Appellee Sharon M. Rubinett, parents of minor son
Joshua.  The parents were named joint
managing conservators (JMCs) of Joshua, but Sharon was awarded the exclusive
right to establish his primary residence as well as other exclusive
rights.  In five issues, Jeffrey
complains that the trial court abused its discretion by awarding Sharon those
exclusive rights, by ordering the visitation schedule set out in the decree, by
awarding Sharon attorney=s fees, and by requiring him to
make accountings to Sharon for the Texas Tomorrow Fund account he set up with
his separate property.  Because we hold
that the trial court did not abuse its discretion, we affirm the trial court=s
judgment.








In his first issue, Jeffrey contends that the
trial court abused its discretion by appointing Sharon the JMC with the
exclusive right to establish Joshua=s
primary residence because insufficient evidence supports that finding.  In his second issue, Jeffrey challenges the
trial court=s orders giving Sharon the
exclusive rights (1) to consent to medical, dental, and surgical treatment
involving invasive procedures and to consent to psychiatric and psychological
treatment of the child; (2) to receive and give receipt for periodic payments
for the support of the child and to hold or disburse these funds for the
benefit of the child; (3) to represent the child in legal action and to make
other decisions of substantial legal significance concerning the child; (4) to
consent to marriage and to enlistment in the armed forces of the United States;
and (5) except as provided by section 264.0111 of the Texas Family Code, to
receive the services and earnings of the child. 
He contends that the trial court=s award
of these rights to Sharon is not in Joshua=s best
interest, violates the public policy of the State of Texas as set out in the
family code, is contrary to the parenting plans submitted by the parties, and
is unsupported by any pleadings of the parties. 


Section 153.134 of the family code provides,

(b) In rendering an order appointing joint managing conservators, the
court shall:

 

(1) designate the conservator who has the exclusive right to determine
the primary residence of the child . . . ;

 

(2) specify the rights and duties of each parent regarding the child=s physical care, support,
and education;

 

(3) include provisions to minimize disruption of the child=s education, daily routine,
and association with friends; [and]

 

(4) allocate between the parents, independently, jointly, or
exclusively, all of the remaining rights and duties of a parent as provided by
Chapter 151.[2]

 








The trial court has discretion to allocate the
rights and duties of the parents in a suit affecting the parent-child
relationship.[3]  The trial court=s
judgment will not be disturbed on appeal unless there has been an abuse of
discretion.[4]  An abuse of discretion does not occur when
the trial court bases its decisions on conflicting evidence.[5]  Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court=s decision.[6]

The child=s best
interest guides the determination of all conservatorship issues.[7]  The trial court is in a better position than
a reviewing court to determine what will be in the best interest of the child
since it observed the parties and witnesses and their demeanor and had the
opportunity to assess each parent=s
claims.[8]

Jeffrey contends that the trial court abused its
discretion by naming Sharon as the JMC with the exclusive right to determine
Joshua=s
domicile.  The only evidence Jeffrey
seems to base this contention on is that Sharon is a flight attendant who is
away from home about twelve days a month while he, as a veterinarian who sets
his own schedule in East Fort Worth, could be at home with Joshua every day.








The trial court heard evidence that Sharon had
been employed by Delta Airlines for about twenty years, that her work schedule
was Thursday through Saturday but was flexible, and that she and Jeffrey had
designed their work schedules from the time she went back to work after Joshua=s birth
with his care in mind.  Susan Goldstein,
who performed the social study, testified that if one parent had to be
designated as the parent with the exclusive right to determine Joshua=s
primary residence, she would choose Sharon because Sharon would encourage
flexibility and encourage Joshua to have a relationship with his father.

In the divorce decree, the trial court awarded
regular possession of Joshua to Jeffrey beginning at 5:00 p.m. on Wednesday and
ending at 5:00 p.m. on Saturday; this time period encompasses Sharon=s
typical periods of time away from home due to her work.  Based on the above, we cannot hold that the
trial court abused its discretion by awarding Sharon the exclusive right to
determine the primary residence of the child. 
We overrule Jeffrey=s first
issue.








Regarding the other rights awarded exclusively to
Sharon, Sharon testified that Jeffrey had a tendency to self-medicate and that
he had once performed invasive surgery on himself.  Evidence from other witnesses supported
Sharon's testimony that Jeffrey could be manipulative, controlling, and
obsessive with Joshua.  Susan Goldstein
testified that Jeffrey Ainflated his own value in [the]
child=s life@ and
deflated Sharon=s value.  Sharon testified that Jeffrey belittled and
disrespected her in front of Joshua and told their son that she was divorcing Athem.@  There was also evidence that Jeffrey earned a
higher income than Sharon.  Further, we
note that Jeffrey does not point to any specific evidence supporting his
contention that the trial court=s award
of these exclusive rights to Sharon was not in Joshua=s best
interest. 








Regarding Jeffrey=s
contention that Sharon=s pleadings do not support the
trial court=s awarding her exclusive rights
other than the rights to establish domicile and to receive and give receipt for
child support, the trial court concluded in the supplemental conclusions of
law, AThe
Trial Court=s paramount concern is the best
interest of the child, and the formalities of the procedural rules of pleading
will not be used to defeat that interest.@  The Texas Supreme Court has held that Aa suit
properly invoking the jurisdiction of a court with respect to custody and
control of a minor child vests that court with decretal powers in all relevant
custody, control, possession and visitation matters involving the child.  The courts are given wide discretion in such
proceedings.@[9]  Similarly, our sister court has held that A[p]leadings
are of little importance in child custody cases and the trial court=s
efforts to exercise broad, equitable powers in determining what will be best
for the future welfare of a child should be unhampered by narrow technical
rulings.@[10]  Therefore, it is of no legal consequence that
Sharon did not plead or propose that she be given all the rights that she
ultimately received.  We overrule Jeffrey=s second
issue.








In his third issue, Jeffrey contends that the
visitation schedule is not in Joshua=s best
interest, denies Jeffrey quality time with his child, violates the public
policy of this State, and is an abuse of discretion.  (He also reiterates his complaints that the
trial court appointed Sharon as the JMC with the exclusive right to determine
the child=s primary residence, which we
have already resolved against him.) 
Jeffrey does not explain how the possession schedule, which is quite
more favorable to him than the standard possession order is to parents not
awarded the exclusive right to determine the child=s
primary residence, is not in Joshua=s best
interest or why the modified standard visitation order he proposes, which would
give Joshua much less contact with his mother, would be in Joshua=s best
interest.  We hold that the trial court
did not abuse its discretion by ordering a possession schedule that is very
similar to the possession schedule utilized by the parties while the divorce
was pending.  We overrule Jeffrey=s third
issue.

In Jeffrey=s fourth
issue, he contends that the attorney=s fee
award to Sharon is not supported by the evidence and is an abuse of
discretion.  (He also reiterates his
complaints about the trial court=s giving
Sharon exclusive rights that she did not request in her pleadings, which we
have already resolved against him.)  In
contending that the trial court abused its discretion by awarding attorney=s fees,
Jeffrey focuses on the fact that he and Sharon had agreed on the division of
the marital estate and argues that he should not be punished for litigating the
issue of which parent should have the exclusive right to establish
domicile.  

A court may award attorney=s fees
in a divorce action as part of a just and right division of property.[11]  Whether the award is reasonable is a fact
issue, and the award must be supported by evidence.[12]  An attorney=s
testimony alone can be sufficient evidence to support the award.[13]








The trial court=s
relevant findings provide:

28.   The
Trial Court finds . . . the division of the marital estate to be a
just and right division, based on the parties= representation at trial
that they had reached an agreement regarding the division of the marital estate
prior to trial.

 

29.   The
Trial Court found that good cause exists to award [Sharon] a judgment in the
amount of $7,500.00 for attorney=s fees, expenses, and costs, with interest at
6% . . . per year compounded annually from the date this Final
Decree of Divorce is signed until paid in full. 
The judgment, for which let execution issue, is awarded against
[Jeffrey] and [Jeffrey] is ORDERED to pay to [Sharon] at her last known mailing
or residential address the sum of $7,500.00, plus interest, representing
attorney=s fees, expenses, and
costs, by cash, cashier=s check, or money order
on or before the date this Final Decree of Divorce is signed.

 








The stipulation announced on the record at the
beginning of trial provided that each party would keep the property in his or
her possession and any separate property would be confirmed as separate
property; attorney=s fees were not mentioned.  As evidence of Sharon=s
attorney=s fees,
her lawyer testified during trial that she had been licensed since 2001; that
her hourly rate was $275; that her paralegal=s hourly
rate was $120; that $10,000 in attorney=s fees
was requested, reasonable, and necessary; and that the fee requested
represented several court appearances, drafting of pleadings and discovery,
communications with the client and opposing counsel, and trial.  Jeffrey did not cross-examine Sharon=s
lawyer.  We note that Jeffrey=s lawyer
also testified about his attorney=s fees.

Based on the above, we hold that the award of
attorney=s fees
is supported by the evidence and that the trial court did not abuse its
discretion by awarding attorney=s fees
to Sharon.  We overrule Jeffrey=s fourth
issue.

In his fifth issue, Jeffrey complains that the
trial court abused its discretion by requiring that he make accountings to
Sharon for the Texas Tomorrow Fund that he established with separate
property.  He contends that the order
violates the public policy of the State of Texas, infringes on his right to use
his separate property as he sees fit, and is not based on the pleadings.

The divorce decree provides,

IT IS ORDERED that Jeffrey I. Rubinett shall provide all documentation,
including but not limited to financial statements, regarding the Texas Tomorrow
Fund established for the benefit of the child, Joshua Alan Rubinett, to Sharon
Rubinett at her last known mailing address within 15 days of Jeffrey I.
Rubinett=s receipt of said
documentation.

 








The divorce decree also provides both Jeffrey and Sharon with Athe
right to manage the estate of the child to the extent the estate has been
created by the parent or the parent=s family@ and
with Athe
right to receive information from any other conservator of the child concerning
the health, education, and welfare of the child.@  For the reasons expressed above, we reject
Jeffrey=s
argument that the trial court abused its discretion by including an order not
expressly contemplated by the pleadings.[14]  We also fail to see how requiring Jeffrey to
provide mere information about the status of the college fund he set up for
Joshua to Joshua=s mother infringes on Jeffrey=s rights
to manage his own separate property, affects Jeffrey=s right
to manage any interest Joshua has in the fund, violates public policy, or harms
Jeffrey.  We therefore overrule Jeffrey=s fifth
issue.

Having overruled all of Jeffrey=s
issues, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and MCCOY, JJ.

DELIVERED:  May 14, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Fam. Code Ann. ' 153.134(b) (Vernon
2008).





[3]See Mize v. Mize, No. 02-08-00163-CV,
2009 WL 279335, at * 5B6 (Tex. App.CFort Worth Feb. 5, 2009,
no pet.) (mem. op.).





[4]In re Marriage of
Jeffries,
144 S.W.3d 636, 638B39 (Tex. App.CTexarkana 2004, no pet.).





[5]In re Barber, 982 S.W.2d 364, 366
(Tex. 1998) (orig. proceeding).





[6]Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211
(Tex. 2002).





[7]Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex.
2002).





[8]In re J.R.D., 169 S.W.3d 740, 743
(Tex. App.CAustin 2005, pet.
denied).





[9]Leithold v. Plass, 413 S.W.2d 698, 701
(Tex. 1967).





[10]In re B.M., 228 S.W.3d 462, 465
(Tex. App.CDallas 2007, no pet.).





[11]Sandone v. Miller‑Sandone, 116 S.W.3d 204, 208
(Tex. App.CEl Paso 2003, no pet.).





[12]Id.





[13]Peeples v. Peeples, 562 S.W.2d 503, 506
(Tex. Civ. App.CSan Antonio 1978, no
writ).





[14]See Leithold, 413 S.W.2d at 701; B.M.,
228 S.W.3d at 465.