

**NUMBER 13-11-228-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN THE INTEREST OF M.J.W., A CHILD**

---

**On appeal from the 288th District Court
of Bexar County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Vela**

This is an appeal from an order modifying child support.[1]  By one issue, appellant contends that the trial court abused its discretion by awarding child support when no pleadings requesting child support were filed.   We affirm.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Fourth Court of Appeals in San Antonio, Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

## I. BACKGROUND

Appellant, Christopher J. Wendtland, and appellee, Griselda Vargas, divorced in 1997. They had one child, M.J.W., who turned eighteen in July 2010.

On July 31, 2009, Vargas filed a pro-se "Original Petition to Modify Parent-Child Relationship." This petition stated that no child support would be paid by either party "following the signing of this." Wendtland was never served with this petition. Vargas filed another petition to modify parent-child relationship on September 3, 2009. This petition sought to modify a prior order issued on January 31, 2006, which gave Wendtland primary custody of M.J.W. Vargas was represented by counsel when she filed the second pleading. This petition stated that the circumstances of the child, a conservator, or other party affected had materially and substantially changed. It further stated that "petitioner believes that the parties will enter into a written agreement containing provisions for modification of the order providing for possession of and access to the child." The petition did not specifically mention child support. Wendtland answered the lawsuit, but did not specially except to the petition.

On September 28, 2010, over a year later, the trial court held a hearing on Vargas's motion to modify. After the questioning of Wendtland had begun, counsel for Wendtland objected that the pleadings supported only a change of possession and access. Counsel for Vargas responded that she was seeking support only for the time period after filing the motion to modify until the child's eighteenth birthday. The trial court went forward with the hearing over the single objection. By the time the case was heard by the trial court, M.J.W. was already eighteen.

At that hearing, Wendtland testified that as of September 2009, M.J.W. was staying with Vargas. He agreed that he had not paid Vargas any support during this period of time. M.J.W. was previously in Wendtland's custody, pursuant to the 2006 order. The testimony then turned to questions regarding Wendtland's income and the expenses he had paid on M.J.W.'s behalf while M.J.W. was with Vargas, including college tuition, mobile telephone, and automobile insurance.

Vargas testified that in August 2009, M.J.W. wanted to live with her. Wendtland provided her no child support during the time M.J.W. was living with her. Vargas said she was requesting support from the time M.J.W. came to live with her until the day he turned eighteen.

The trial court ordered Wendtland to pay Vargas $6,000.00 for child support owed beginning September 1, 2009 through July 1, 2010. The order further required Wendtland to pay the award in installments of $400.00 per month. Findings of fact were requested and proposed findings were filed by both parties. The record reflects that the trial court signed Wendtland's proposed findings of fact and conclusions of law. No argument is before us with respect to the amount of support the trial court ordered.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's award of child support for abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Garza v. Blanton*, 55 S.W.3d 708, 710 (Tex. App.—Corpus Christi 2001, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985); *Newberry*

3

*v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A trial court does not abuse its discretion when some evidence of a substantive and probative character supports the trial court's order. *Newberry,* 146 S.W.3d at 235.

Texas Rule of Civil Procedure 90 provides that in a non-jury matter, every defect, omission or fault in a pleading, either in form or substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the judgment is signed is deemed to have been waived. TEX. R. CIV. P. 90. Texas follows a "fair notice" standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see also* TEX. R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice"). In the absence of special exceptions, a petition should be construed liberally in favor of the pleader. *Auld*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g); *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The Texas Family Code allows for the modification of a support order only as to obligations accruing after the earlier of the date of service of citation or an appearance in the motion to modify. TEX. FAM. CODE ANN. § 156.401 (b)(West 2008). A trial court is given broad discretion in setting and modifying child support payments. *London*, 192 S.W.3d at 15. In matters concerning support and custody of children, the paramount concern is the best interest of the child, and the technical rules of pleading and practice

4

are of little importance.  *See Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967); *Wolters v. White*, 659 S.W.2d 885, 888 (Tex. App.—San Antonio 1983, pet. dism'd).  Cases can proceed to trial without the defendant's response or answer.  *See Roquemore v. Roquemore*, 431 S.W.2d 595, 600 (Tex. Civ. App.—Corpus Christi 1968, no writ).  A court may award child support without any request for it in the pleadings.  *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex. Civ. App.—Corpus Christi 1976, writ dism'd).  A judge may even grant more child support than requested.  *Poulter v. Poulter*, 565 S.W.2d 107, 111 (Tex. Civ. App.—Tyler 1978, no writ).  The trial court has the power to order retroactive support back to the original motion to modify as long as the other party is on notice that child support is at issue.  *In re Tucker*, 96 S.W.3d 662, 667 (Tex. App.—Texarkana 2003, no pet.).

### III. ANALYSIS

Here, the original pleading mentioned child support, but was unclear.  The pleading later filed by counsel was vague, at best.  It does not mention child support.  The second motion to modify did not indicate whether it was supposed to be an amendment to the original, a supplement to it, or a new motion.  Although Wendtland objected to the state of the pleadings at the hearing, he filed no special exceptions, and the hearing went forward without further objection.  The trial court observed that the second motion filed by counsel was not called an amended pleading.  It appears that the trial court did not consider the second motion to modify as a new motion.  Rather, the trial court considered both the pro se motion and the motion filed or supplemented by Wendtland's counsel when it decided to go forward with respect to hearing evidence

5

regarding child support.   We conclude that the trial court impliedly determined that notice with respect to child support was provided.

The trial court heard evidence that M.J.W. had been living with Vargas for several months before he turned eighteen and Vargas had received no support from Wendtland during that time.   The record was also clear that counsel for Wendtland was prepared for a discussion with regard to support, and Wendtland had information with him regarding his budget.   Vargas's original motion to modify was filed around the time M.J.W. came to live with her.   The second pleading was filed a few months later, in September 2009. For some reason, not apparent from the record, the hearing was not held until a year later, in September 2010, two months after M.J.W. turned eighteen.   It is conceivable that the trial court decided to go forward in the absence of clear pleadings requesting child support.   All parties must have been aware that child support was in issue at the time of the hearing, because a modification of custody, after the child turned eighteen, would not have been in issue.   Given the wide discretion afforded a trial court in matters of support and custody, the failure of Wendtland to specially except to the pleadings, and the single objection made after the hearing had already begun, we will not disturb the trial court's ruling even if we would have decided the matter differently.

Wendtland argues that specific notice needs to be given when retroactive child support is sought.   Some case law supports his argument.[2]   We note, however, that the trial court ordered support only from September 2009, the time of the filing of Vargas's second motion to modify and when M.J.W. began living with Vargas, until M.J.W. turned

---

[2] *See e.g. Martinez v. Martinez*, 61 S.W.3d 589, 590–91 (Tex. App.—San Antonio 2001, no pet.); *Grundy v. Grundy*, 589 S.W.2d 776, 777 (Tex. Civ. App.—Dallas 1979, no writ).

eighteen. The trial court simply awarded support for the time that M.J.W. was in Vargas's custody until he turned eighteen. It was a logical decision on the trial court's part since Vargas had regularly paid child support to Wendtland during the time periods that M.J.W. was in Wendtland's custody.

Wendtland cites *Martinez v. Martinez* as authority for his position that Vargas's pleadings were not sufficient to put him on notice that she was seeking child support. 61 S.W.3d 589, 590–91 (Tex. App.—San Antonio 2001, no pet.). *Martinez* was a restricted appeal in which the trial court's judgment ordered "arrearages" of $33,600. The husband in *Martinez* had filed a waiver of citation and had not appeared at trial. The court held that specific pleadings are required when seeking retroactive child support. *Id.* Here, however, Vargas's motion sought modification of support because M.J.W. had moved in with her and was in her custody. We find *Martinez* inapplicable for that reason and, because in *Martinez,* the father of the children did not attend the hearing. *Martinez* was, in essence, akin to a default on the issue of retroactive support. Here, Wendtland was not only present at the hearing, he was prepared with respect to his expenses.

Wendtland also relies on *Grundy v. Grundy,* which we find inapposite. In that case, the appellate court found that there was no evidence offered to support a retroactive order of child support. 589 S.W.2d 776, 777 (Tex. Civ. App.—Dallas 1979, no writ). Here, even if the support could be considered retroactive, there was evidence of the time frame M.J.W. resided with Vargas and evidence with respect to some of the expenses she incurred during that time, including food, clothing, and occasional money for gas. There was also testimony regarding Wendtland's ability to pay, including his

7

salary and his household expenses.  Based on the above, we conclude there was no abuse of discretion and we overrule Wendtland's issue.

## IV. Conclusion

We affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
29th day of September, 2011.