**Jeffrey LONDON, Appellant,**

v.

**Leticia LONDON, Appellee.**

No. 14–03–01088–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 28, 2005.

Rehearing Overruled March 2, 2006.

Pamela E. George, Patricia A. Wicoff, Houston, for appellants.

Walter P. Mahoney, Pasadena, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

In thirteen issues, Jeffrey London ("Jeff") appeals the trial court's award of increased child support and attorney's fees in favor of Leticia London ("Leticia") and its denial of his claim for recoupment. We reverse the trial court's judgment and render judgment that (1) Jeff recoup $86,250 in child support previously paid, (2) Leticia take nothing on her modification claim, and (3) Jeff recoup child support he overpaid during the pendency of this appeal. We further remand the issue of attorney's fees to the trial court for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jeff and Leticia divorced in 1995 and were appointed joint managing conservators of their two children, Nicolas, born in 1992, and Alexa, born in 1994. Under the terms of the divorce decree, Jeff was ordered to pay $1,500 per month in child support, to provide and pay for health insurance for the children, to pay all uninsured medical expenses incurred by the children, to pay as additional child support up to $700 per month towards tuition and education expenses of the children, and to pay contractual alimony in the amount of $1,500 per month for a period of nineteen months.

In 1998, Jeff filed a petition to modify the parent-child relationship in which he sought modification of his periods of possession, the sole right to make educational decisions for the children, and a domicile restriction. Leticia filed a counter-petition in which she sought an increase in child support and removal of the domicile restriction set forth in the divorce decree. In 2001, the trial court increased Jeff's child support obligation from $1,500 to $4,500 a month, awarded Leticia $40,000 in attorney's fees, awarded Jeff the sole right to make decisions regarding the children's education and additional periods of possession, and restricted the children's primary residence to Harris County.

Jeff appealed the trial court's 2001 child support and attorney's fees awards in favor of Leticia, and a panel of this court reversed and rendered judgment that Leticia take nothing on her claims for increased child support and attorney's fees and affirmed the remainder of the judgment. *London v. London,* 94 S.W.3d 139 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Five days after the issuance of this court's opinion, Leticia filed a second motion for modification in the trial court in which she sought an increase in the $1,500 in child support Jeff was ordered to pay under the divorce decree and attorney's fees. In response, Jeff filed a general denial and a counterclaim in which he sought recoupment of $86,250 from Leticia, the total amount of increased child support and retroactive child support payments he made to Leticia during the pendency of his appeal of the trial court's 2001 judgment that increased his monthly child support obligation to $4,500 per month.

On June 27, 2003, after an oral hearing, the trial court granted Leticia's second motion for increased child support and ordered Jeff's support obligation for the children increased from $1,500 per month to $3,000 per month and awarded Leticia retroactive support in the amount of $6,000. The trial court further awarded Leticia's attorney $12,000 for legal services rendered in relation to the children, in the nature of child support with interest, and $15,000 for attorney's fees in the event of a successful appeal for the benefit of her attorney, along with costs and expenses with interest.

Jeff timely filed a request for findings of fact and conclusions of law. The trial

court issued 23 findings and conclusions,[1] summarized as follows:

- The circumstances of both children, as well as Leticia and Jeff, materially and substantially have changed since the date of rendition of the court's order to be modified (findings 1, 2, 3, and 4).

- At the time of the trial court's findings, Leticia's net resources were less than $8,000 per year and less than $700 per month, and her net resources from employment at the time of rendition of the order to be modified were none (findings 5 and 8).

- Jeff's net resources as of the date of trial exceeded $60,000 per month, and Jeff's net resources at the time of rendition of the order to be modified were at least $14,823 per month (findings 6 and 7).

- The monthly proven needs of the children during Leticia's periods of possession are more than $3,500 per month (finding 9).

- Leticia incurred $12,000 in reasonable and necessary attorney's fees in the presentation of her motion to increase child support. Reasonable and necessary attorney's fees for the representation of Leticia on an appeal to the court of appeals would be $10,000 and on an appeal to the Texas Supreme Court would be $5,000 (findings 10, 11, and 12).

- Leticia filed the motion to modify on November 11, 2002; Jeff entered an appearance on February 5, 2003; and the increase in child support is retroactive to February 1, 2003 (findings 13, 14, and 15).

- The existing order restricts the primary residence of the children to Harris County, Texas beyond the year 2000 (finding 16).

- The domicile restriction in the divorce decree was to expire and at that time Leticia could relocate the children without restriction (finding 17). In 2000, the Court changed the domicile restriction, limiting the children's primary residence to Harris County, Texas, and gave Jeff the right to make educational decisions regarding the children (finding 18).

- The school Jeff selected is located in a residential area that is more expensive than Leticia can afford without additional child support beyond the levels established by the Texas Family Code guidelines (finding 19).

- The decision of the court of appeals in this cause constitutes a material and substantial change of circumstances affecting the parents and the children (finding 20).

- Between October 1, 2000 and December 1, 2002, Jeff paid an additional amount of child support pursuant to the order of February 23, 2001, totaling $86,250 (finding 21).[2]

- Jeff has remarried and has one child of his new marriage (finding 22).

- At the time the trial court entered its findings and conclusions, Leticia had no significant cash, but the equity in the home she occupies with the children, in the school district selected by Jeff, is approximately $250,000 (finding 23).

1. The trial court did not differentiate its findings of fact from its conclusions of law.

2. In its findings, the trial court mistakenly transposed the numbers on the year of the February 23, 2001 modification order; the trial court erroneously refers to the date of the order as February 23, *1002*.

Jeff timely filed objections to the above findings of fact and conclusions of law and requested additional findings and conclusions. The trial court did not file any additional findings or conclusions.

Jeff appeals the trial court's 2003 order denying his request for recoupment, increasing his child support obligation, and awarding Leticia attorney's fees.[3] Jeff argues the trial court erred by (1) denying his claim for recoupment of $86,250 in child support payments he made to Leticia during the pendency of his prior appeal to this Court; (2) increasing his child support obligation from $1,500 per month to $3,000 per month; and (3) awarding attorney's fees to Leticia and her attorney.

## II. DISCUSSION

### A. Jeff's Claim for Recoupment of $86,250

In issues one through three, Jeff argues the trial court erred in not allowing him to recoup the $86,250 in child support he overpaid. In issues four and five, Jeff asserts the trial court erred in failing to make certain requested findings about the $86,250 when there was evidence to support the same, and thus, the findings cannot be deemed against Jeff.

Jeff asserts six theories in support of his claim for recoupment: (1) he made a request for and has a right to a money judgment; (2) the overage paid by Jeff may be applied towards his future child support obligation as recognized by Texas Family Code sections 154.012 and 154.013; (3) the trial court had a duty to comply with this Court's mandate that Leticia take nothing, and it has not complied; (4) Jeff has the right to recover the overpayment under theory of, or analogy to, wrongful execution, sections 34.021 and 34.022 of the Texas Civil Practice and Remedies Code; (5) Leticia has been unjustly enriched by the overpayment; and (6) equity and the common law demand Jeff recoup the overpaid child support. It is undisputed Jeff paid Leticia $86,250 in child support, in addition to the $1,500 per month child support obligation provided for in the 1995 divorce decree, pursuant to the trial court's 2001 order.

In response, Leticia argues Jeff has waived his right to recoupment. She contends Jeff never properly requested suspension of the child support obligation while the case was pending in the court of appeals under Texas Family Code sections 109.001 or 109.002. TEX. FAM.CODE ANN. §§ 109.001, 109.002 (Vernon 2002). Additionally, Leticia argues this court's mandate did not suspend Jeff's payments or order that the money be repaid; thus, the trial court had no authority to grant any other relief but that set forth in the mandate pursuant to Texas Rule of Appellate Procedure 51.1. *See* TEX.R.APP. P. 51.1. Further, Leticia argues there is no unjust enrichment because the benefit of the increased child support went to the children and she was only a conduit for the benefit to flow to the children.

■ We review the trial court's denial of Jeff's claim for recoupment *de novo*. Under *de novo* review, the reviewing court exercises its own judgment and determines each legal issue. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex.1998). Whether Jeff may recoup the child support he overpaid pursuant to a trial court order later

---

3. After submission of this appeal, Jeff filed for bankruptcy on January 21, 2005. On May 4, 2005, the bankruptcy court granted Jeff's request for relief from the automatic stay for purposes of the entry of orders related to this case, Cause Number 1995–51934; *In the Matter of the Marriage of Jeffrey London and Leticia London;* In the 308th Judicial District Court of Harris County, Texas.

reversed on appeal is an issue that has not been addressed by Texas courts.

■ Texas Family Code sections 109.001 and 109.002 allow a trial court or an appellate court to suspend the operation of an order or judgment that is being appealed. TEX. FAM.CODE ANN. §§ 109.001(a)(6), 109.002(c) (Vernon 2002). Jeff did not seek suspension from the trial court or this court of the trial court's 2001 order increasing his monthly child support obligation to $4,500. We find nothing in the statute requiring Jeff to seek suspension of the order under the Texas Family Code as a prerequisite to seeking recoupment of the $86,250 in child support he overpaid during the pendency of the previous appeal. Clearly, Jeff's appeal of the trial court's order increasing his monthly child support obligation to $4,500 was a direct attack on the trial court's 2001 order, and he has not waived this issue.

■ In his pleadings, Jeff alleged that, as ordered by the trial court, he began paying increased child support in the amount of $4500 per month in October 2000, and, in addition, paid Leticia a total amount of $11,250 in retroactive child support, payable at the rate of $937.50 per month, beginning March 1, 2001. Jeff appealed the order, but continued to pay the increased child support as well as the retroactive amounts ordered, during the pendency of his appeal. On appeal, the judgment awarding Leticia increased child support was reversed, and this court rendered a take-nothing judgment on Leticia's claims. Jeff requested that the trial court grant him a money judgment against Leticia for the aggregate of these amounts, plus interest. Alternatively, Jeff sought application of the overage to future child support obligations.

The trial court did not sustain any special exceptions by Leticia as to Jeff's claim to recover his overpayments. Therefore,

we review Jeff's pleadings liberally in his favor in determining the pleaded claims. *See Boyles v. Kerr*, 855 S.W.2d 593, 600–01 (Tex.1993). In liberally construing this pleading, we must find that the pleading contains any claims that reasonably may be inferred from the specific language used in the pleading, even if the petition fails to state all of the elements of that claim. *See id.* This review shows that Jeff's pleading is sufficient to assert a claim for money had and received or for equitable restitution based on the overpayments. *See Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687–88 (1951) (holding that the only thing that needs to be proved in a claim for money had and received "is that defendant holds money which in equity and good conscience belongs to [the plaintiff]"); *Tri–State Chemicals, Inc. v. Western Organics, Inc.*, 83 S.W.3d 189, 194–95 (Tex.App.-Amarillo 2002, pet. denied) (stating that "money" for purposes of claim for money had and received includes the equivalent of money and that, regardless of labels, Texas recognizes common law claims for money had and received and restitution).

■ An action for money had and received is an equitable doctrine that courts apply to prevent unjust enrichment. *Miller-Rogaska, Inc. v. Bank One*, 931 S.W.2d 655, 662 (Tex.App.-Dallas 1996, no writ). The cause of action is not premised on wrongdoing, but looks to the justice of the case and inquires whether the party has received money that rightfully belongs to another. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex.App.-El Paso 1997, no writ). The question in an action for money had and received is to which party does the money, in equity and law, belong. *Staats*, 243 S.W.2d at 687. In his claim, Jeff asks the court to return that which is due to him—the sums he paid in compliance with a court order that this court

subsequently overturned. Under common law principles of money had and received or restitution, Jeff is entitled to recover these sums. *See Staats,* 243 S.W.2d at 687–88; *Tri–State Chemicals, Inc.,* 83 S.W.3d at 194–95.

The record contains ample evidence to support a judgment for Jeff's recovery of all sums paid in child support and retroactive child support under the order this court set aside. Accordingly, we reverse the trial court's judgment and render judgment for Jeff in the amount of $86,250. Because we sustain issue one, we do not reach issues two, three, four, and five.

**B. The Modification of Jeff's Monthly Child Support Obligation to $3,000**

In six issues, Jeff challenges the trial court's current order increasing his monthly child support obligation to $3,000. Specifically, in issues six and seven, Jeff argues the trial court erred in failing to establish that the correct comparison date for purposes of the modification is the date of divorce. In issues eight, nine, and ten, Jeff argues the trial court abused its discretion in increasing his monthly child support obligation to $3,000, retroactive to March 1, 2003, and in failing to make certain requested findings. In issue eleven, Jeff requests that he recoup all support he has paid to Leticia in excess of that deemed proper by this court in this appeal.

**1. Standard of Review**

██ A trial court's child support order will be overturned only upon showing of an abuse of discretion. *London,* 94 S.W.3d at 143. Under the abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error but are merely factors in assessing whether the trial court did in fact abuse its discretion. *Id.* at 143–44.

██ We review a trial court's findings for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's finding. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). When challenged on appeal, the findings are not conclusive if there is a complete reporter's record, as there is here. *In re K.R.P.,* 80 S.W.3d 669, 673 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Barrientos v. Nava,* 94 S.W.3d 270, 288 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The trial court's findings will not be disturbed if there is evidence of probative force to support them. *Id.*

██ When an appellant attacks the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof, the appellant must demonstrate on appeal there is no evidence to support the adverse finding. *Price Pfister, Inc. v. Moore & Kimmey, Inc.,* 48 S.W.3d 341, 347 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). In reviewing a "no evidence" point, we consider all the evidence in the light most favorable to the trial court's finding, indulging every reasonable inference in favor of the prevailing party, and disregarding all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001); *Price Pfister, Inc.,* 48 S.W.3d at 347. If more than a scintilla of evidence exists to support the finding, the no evidence challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998).

██ When an appellant attacks the factual sufficiency of an adverse finding on an issue on which he did not have the burden of proof, the appellant must demonstrate the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust.

*Price Pfister, Inc.,* 48 S.W.3d at 347. In a factual sufficiency challenge, all of the evidence in the record, both for and against the finding, is reviewed. *Id.*

### 2. The Comparison Date

In his sixth and seventh issues, Jeff argues the trial court erred in failing (1) to conclude the correct comparison date of the order sought to be modified was the date of divorce, and (2) to grant Jeff's requested amended conclusion of law, which would have established the correct comparison date was the date of divorce.

 Leticia agrees with Jeff that the order sought to be modified in this proceeding is their decree of divorce. Thus, the divorce decree, dated December 27, 1995, is the comparison date for the purpose of determining whether there has been a material and substantial change of the circumstances of the children or the parties at the time of modification. Accordingly, we sustain issues six and seven.

### 3. Sufficiency of the Evidence to Support Modification of Jeff's Monthly Child Support Obligation to $3,000

In issue eight, Jeff argues the trial court abused its discretion in increasing his child support obligation from $1,500 to $3,000 per month, retroactive to March 1, 2003, because there is no evidence or, alternatively, factually insufficient evidence (1) that Leticia met the statutory requisites for an increase in child support; (2) that the needs of the children are $3,000 per month or any amount in excess thereof; and (3) that there had been a material change of circumstances for Jeff, Leticia, or the children. In issues nine and ten, Jeff argues the trial court failed to make certain requested findings regarding the

increase in child support and retroactive child support.

 Section 156.401 of the Texas Family Code allows a court to modify an order that provides for the support of a child if "the circumstances of the child or a person affected by the order have materially and substantially changed since . . . the date of the order's rendition." Tex. Fam.Code Ann. § 156.401(a)(1)(A) (Vernon Supp.2005). In determining whether a modification of support is necessary, the trial court is to examine and compare the circumstances of the parents and any minor children at the time of the initial order, with the circumstances existing at the time modification is sought. *London,* 94 S.W.3d at 144. The trial court is given broad discretion in setting child support payments and in modifying those payments. *Id.; Nordstrom v. Nordstrom,* 965 S.W.2d 575, 578 (Tex.App.-Houston [1st Dist.] 1997, pet. denied). The record must contain both historical and current evidence of the relevant person's financial circumstances. Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. *London,* 94 S.W.3d at 144–45. As the movant, it was Leticia's burden to show the requisite material and substantial change in circumstances since the entry of the divorce decree. *Id.* at 145.

When, as in this case, an obligor's monthly net resources exceed $6,000, a court shall apply the percentage guidelines to the first $6,000 and, without reference to the percentage recommended by the guidelines, a court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs[4] of the child. Tex. Fam.

---

4. In evaluating the needs of a child, and thus, the exercise of the court's discretion in determining those needs, we are guided by the paramount principle in child support decisions, the best interest of the child. *Rodriguez*

CODE ANN. § 154.126 (Vernon 2002). Under the guidelines, for two children, the presumptive monthly support amount is $1,500 (twenty-five percent of $6,000). *See* TEX. FAM.CODE ANN. § 154.125(b) (Vernon 2002). This is the amount of monthly child support Jeff is required to pay in accordance with the parties' divorce decree.

In addition to setting Jeff's monthly child support at $1,500, the divorce decree also appointed Jeff and Leticia joint managing conservators of their two children, restricted the domicile of the children to Harris County, and obligated Jeff to provide and pay for health insurance for the children. The decree also required Jeff to pay Leticia contractual alimony in the amount of $1,500 per month in 1996 and 1997.

### a. The Trial Court's Finding of a Material and Substantial Change in Circumstances

The trial court found the circumstances of Jeff, Leticia, and the children had "materially and substantially changed since the date of rendition of [the divorce decree]." Jeff argues the evidence is insufficient to support the trial court's findings of a material and substantial change in circumstances. Specifically, Jeff argues the following facts do not constitute a material and substantial change in circumstances: (1) the Harris County domicile restriction; (2) alimony and voluntary payments by Jeff; (3) attorney's fees; (4) Leticia's income and work; (5) Leticia's savings at the time of divorce; (6) the fact that Leticia can only communicate with Jeff through counsel; (7) the R.A.D. investment; (8) the court of appeals' decision; and (9) the needs of the children in 1995 versus the current needs of the children. We address in turn each of these alleged changes in circumstance.

■ ***Domicile*** Initially, the divorce restricted the domicile of the children to Houston, Harris County, Texas until January 1, 2000, at which time the domicile *may* be changed, provided the domicile will remain within a two-hundred mile radius of Houston, Harris County, Texas. In 2000, the trial court modified the decree and limited the primary residence of the children to Harris County and gave Jeff the right to make educational decisions. Although the original decree permitted the possibility that the domicile restriction could be lifted, it was not. Because the children's domicile at the time of divorce and at the time of modification was restricted to Harris County, Texas, domicile does not constitute a material and substantial change of circumstance.

■ ***Voluntary Payments*** Section 156.403 of the Texas Family Code specifically provides that a "history of support voluntarily provided in excess of the court order does not constitute cause to increase the amount of an existing child support order." TEX. FAM.CODE ANN. § 156.403 (Vernon 2002). Thus, any voluntary payments made by Jeff in the past do not provide a basis to increase the amount of child support.

■ ***Attorney's Fees*** Leticia argues a change of circumstances is evidenced by the attorney's fees she has incurred in this suit, in the previous modification proceeding, and in communicating with Jeff. In the previous modification proceeding, this court set aside the trial court's award of attorney's fees to Leticia because Leticia did not present any evidence to support the award. *London,* 94 S.W.3d at 146–47. With regard to attorney's fees Leticia has incurred in communicating with Jeff since the divorce, no evidence was introduced

*v. Rodriguez,* 860 S.W.2d 414, 417 n. 3 (Tex. 1993).

regarding the amount of any such fees incurred. Further, Leticia admitted she has failed to pick up mail from Jeff and blocked his emails, forcing the parties to communicate through their attorneys. Consequently, Leticia has not shown any attorney's fees she has incurred constitute a material and substantial change in circumstance.

■ **Leticia's Employment and Income** With regard to her employment and income, Leticia asserts "her income from being a self-employed photographer was not a necessary part of what the family needed to live but it has now become a necessary part since the time of divorce," and this constitutes a change. Leticia further asserts she is not arguing that she did not have to work at the time of divorce and now she does. Leticia's arguments concerning her employment and income are unclear, and we are unable to discern Leticia's argument on this specific issue.

The trial court found Leticia's net resources from her employment at the time of divorce were none and her net resources at the time of modification were less than $8,000 per year and less than $700 per month. Leticia testified her ability to go out and earn money to assist in the needs of the children has substantially improved since 1995. Given that Leticia's employment and income have improved since the time of divorce, these changed circumstances would not favor an increase in child support.

■ **Leticia's Savings** At the time of divorce, Leticia had $90,000 in the bank. Leticia claims she depleted her savings in an effort to pay her living expenses. She asserts over two-thirds of her monthly expenses are attributable to the children.

The trial court specifically found Leticia had no significant cash at the time of modification, *but* that the equity in the home which she occupies is approximately $250,000. Leticia testified the $90,000 in savings she had at the time of divorce had grown into the current equity she has in her home.[5] At the time of divorce, Leticia did not own any real estate. Leticia's decision to invest her savings in a home greatly increased her current net worth as compared to the time of divorce. Given that her investment in the home has grown, this change in circumstance would not favor an increase in child support.

■ **R.A.D. Investment** Leticia argues she was told her interest in the R.A.D. investment was worth one million dollars at the time of divorce, and she was later told her interest was worth three-hundred thousand dollars. She claims she was depending on this money, but never received any money from the investment. The trial court made no findings regarding R.A.D.

Leticia testified she did not receive any money from the R.A.D. investment at the time of divorce, she still has not received any income from the investment, and she did not rely on the R.A.D. investment in purchasing her home. The alleged decrease in the value of the R.A.D. investment does not constitute a material and substantial change in circumstance.

■ **The Court of Appeals' Decision** The trial court specifically found this court's 2002 opinion reversing the previous modification order constitutes a change of circumstance for Leticia, Jeff, and the children. We disagree. To determine whether there has been a material and substantial change of circumstances, the trial court was to compare the financial circum-

---

5. Leticia purchased the home with the $90,000 in cash she had in the bank along with a $186,000 loan. The home has appreci-

ated in value to approximately $425,000. At the time of trial, Leticia's equity in her home was approximately $250,000.

stances of the children and the affected parties at the time of divorce in 1995 with their circumstances at the time modification was sought. *In re Z.B.P.*, 109 S.W.3d 772, 780 (Tex.App.-Fort Worth 2003, no pet.). This Court's intervening 2001 decision has no bearing on the analysis.

### The 1995 Needs of the Children versus the Current Needs of the Children

The trial court made no findings regarding the 1995 needs of the children. With regard to the current needs of the children, the trial court found the current proven needs of the children during Leticia's periods of possession are more than $3,500 per month.

The only record evidence showing the 1995 needs of the children is Leticia's answer to the following interrogatory:

12. Identify and state the amount of each of your monthly living expenses on December 27, 1995.

12. ANSWER:

| | | | |
|---|---|---|---|
| Lease Payments-House | $3,700.00 | Car Repairs | $100.00 |
| Utilities | $1,000.00 | Haircuts | $ 40.00 |
| Food | $ 400.00 | Clothing | $150.00 |
| Car Insurance | $ 125.00 | Gifts | $ 30.00 |
| Gas/oil/parking | $ 150.00 | Diapers | $150.00 |

The above monthly expenses total $5,845. However, Leticia's interrogatory answer does not differentiate between the needs of the children and her needs. Further, no documents were produced to support Leticia's answer to the interrogatory, and she relied on her memory alone in listing the expenses. Upon cross-examination, Leticia admitted her lease payment in 1995 was $3,250 and not $3,700 per month as stated in the interrogatory.

As to current needs, Leticia produced a list of her current monthly living expenses and attributed two-thirds of the expenses to the children. The expenses attributed to the children totaled $7,244.75. On cross-examination, Jeff called into question several of the expenses listed by Leticia, and several of the expenses were reduced.

It is undisputed that at the time of modification, Jeff had possession of the children fifty-percent of the time, at least fifteen days per month. Additionally,

when the children are with Jeff, Leticia does not pay for the children's food or entertainment.

Viewing the evidence in the light most favorable to Leticia, a comparison of the children's 1995 needs and their current needs shows the children's needs have not materially or substantially changed. In 1995, the children's monthly proven needs were approximately $3,600 (two-thirds of $5,400, the total amount of Leticia's and the children's monthly needs). At the time of modification, the trial court found the children's monthly needs were not more than $3,500 per month. Leticia has failed to present any evidence that the children's needs have increased since the time of divorce. Thus, the decrease in the expenses required to meet the needs of the children does not constitute a material and substantial change in circumstances warranting an increase in Jeff's child support obligation.[6]

---

6. Under section 154.126 of the Texas Family Code, the trial court may order additional amounts of child support beyond the twenty-five percent guideline, here, $1,500, depending upon the income of the parties and the proven needs of the children. TEX. FAM.CODE ANN. § 154.126. The trial court specifically found Jeff's net resources at the time of divorce were at least $14,823 per month and at the time of modification were in excess of

Based on the foregoing, we hold Leticia failed to present sufficient evidence to support the trial court's finding of a material and substantial change in circumstances sufficient to support modifying the original amount of support provided in the divorce decree. Accordingly, we reverse that part of the judgment granting Leticia's petition to modify and increasing Jeff's monthly child support obligation to $3,000, and render judgment that Leticia take nothing on her claim for modification. We sustain issue eight and overrule issues nine and ten.

### b. Jeff's Claim for Recoupment of Child Support Overpaid During the Pendency of this Appeal

In issue eleven, Jeff seeks recoupment of any child support that he has overpaid during the pendency of this appeal in the event this court overturns the trial court's 2003 increase in his support obligation. Leticia argues Jeff is barred from seeking such relief because he failed to seek suspension of the increased child support payments from the trial court or this court and instead seeks such relief for the first time on appeal.

For the same reasons that we hold Jeff may recoup the child support he overpaid during the pendency of the previous appeal, we likewise hold Jeff may recoup the amount of child support, if any, he has overpaid during the pendency of this appeal. Upon remand of this case to the trial court, affirmative relief against Leticia for any amount he has overpaid is not foreclosed. Accordingly, we sustain issue eleven.

### C. The Award of Attorney's Fees to Leticia

$60,000 per month. Jeff has always made in excess of $6,000 per month. Leticia does not argue that the increase in Jeff's net resources

In issue twelve, Jeff argues the trial court abused its discretion in awarding a judgment in favor of Leticia for attorney's fees. In issue thirteen, Jeff argues the trial court erred in failing to make certain requested findings about the awards of attorney's fees and, therefore, the findings cannot be deemed against him.

In family law matters, the trial court has broad discretion in awarding attorney's fees, particularly in those matters involving the parent-child relationship. TEX. FAM.CODE ANN. § 106.002 (Vernon Supp.2005); *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex.1996). Attorney's fees rendered in the prosecution or defense of a suit affecting the parent-child relationship may be awarded as necessaries to the child, even where the fees are incurred by the unsuccessful party. *In re A.J.L.*, 108 S.W.3d 414, 422 (Tex. App.-Fort Worth 2003, pet. denied). The trial court's discretion, however, is not unlimited, and no provision is made, absent good cause, for allowing an unsuccessful party recovery of her attorney's fees. *Reames v. Reames*, 604 S.W.2d 335, 337 (Tex.1980). Because Leticia is not the prevailing party on appeal on any issue, we reverse the award of attorney's fees and remand to the trial court for the court to hear evidence on whether good cause supports the award of attorney's fees to the non-prevailing party. Issues twelve and thirteen are sustained.

### III. CONCLUSION

The judgment of the trial court is reversed. Judgment is rendered that appellant, Jeffrey London, recover $86,250 in overpaid child support and any child support overpaid during the pendency of this appeal. It is further rendered that appel-

is a basis for increasing his child support obligation.

lee, Leticia London, take nothing on her suit to modify child support. That portion of the judgment awarding attorney's fees is remanded to the trial court for proceedings consistent with this opinion.

