

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00344-CV

IN RE JOSHUA EPPS, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

October 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Joshua Epps' petition for writ of mandamus wherein he requests that we "issue a writ of mandamus directing the Honorable Jim Bob Darnell to vacate his orders in Cause 2013-506,729, as any action by the district court in that matter is void." Through four issues, Epps contends that 1) the trial court erred in entering temporary orders because it no longer had plenary power over the cause, 2) a bill of review does not revive jurisdiction, 3) the trial court abused its discretion by ordering Epps to pay attorney's fees if he "appeal[ed] that other matter," and 4) Epps had no adequate remedy at law because the trial court's order is void. We deny the petition for writ of mandamus.[1]

---

[1] Appended to the petition were six tabs. Several of the tabs contained a morass of documents unaccompanied by an index or table of contents. So, we were left to scroll up, down and through those tabs to determine their content and the relevance, if any, of the items included. This general, unindexed tender did little to facilitate disposition of the proceeding, especially since many of the items were duplicates of others. Given the advent of e-filing, parties would do well to index each separate item contained in an appendix or otherwise derive a method through which the appendix may be easily searched.

*Background*

On April 29, 2013, real party in interest, Melissa Jimenez (Jimenez) had her parental rights terminated to the minor child, R.S.E, per her affidavit relinquishing her interest in the child. Via a separate proceeding, Adoption Covenant (an adoption agency) unsuccessfully sought to terminate Epps' parental rights to the child. Thereafter, the trial court appointed Epps as sole managing conservator on July 15, 2013, via a third and independent proceeding that he commenced. Adoption Covenant had served as the child's managing conservator until that time.

On September 4, 2013, Jimenez filed an original petition for bill of review requesting that the judgment or final order in the termination proceeding be set aside. Adoption Covenant initially opposed the petition but then filed its own "counter-petition" for bill of review also requesting that the decree be nullified. The trial court, via written order, denied the bill of Jimenez but granted that of Covenant on February 18, 2014. That is, it specified that: "[t]he relief for a Bill of Review as requested by the Counter-Petitioner ADOPTION COVENANT be GRANTED and that the April 29, 2013 *Order of Termination* be set aside and that a new trial be granted." (Emphasis in original). The order made no mention of Epps' conservatorship.

On March 12, 2014, Jimenez petitioned to modify the parent-child relationship, and the trial court heard same on September 16th and 17th of 2014. Thereafter, it orally pronounced temporary orders through which Jimenez was granted visitation to the child beginning on September 19, 2014. So too was she appointed joint managing conservator of the child and given the exclusive right to make educational decisions for the child over whom she had previously relinquished her parental rights. This petition for writ of mandamus followed before the trial court's oral pronouncements were

memorialized in writing. In effect, Epps complains of the decision to grant the child's biological mother rights as a conservator and to visitation.

*Analysis*

Epps initially contends that the trial court had no jurisdiction to render an order granting Jimenez rights of a conservator in Cause Number 2013-506,729. The latter was the cause through which Covenant attempted to terminate the parental relationship between Jimenez and the child. As previously mentioned, termination was ordered through a final judgment that Jimenez did not timely appeal. So, in Epps' view, the trial court lost jurisdiction over that proceeding long ago, and orders entered therein after jurisdiction expired were void. Yet, the mandamus record before us illustrates that the foregoing cause was consolidated with cause numbers 2013-506,809 and 2013-507,082 at the behest of Epps. In so consolidating the proceedings, the trial court also ordered that cause number 2013-506,729 be the controlling number. Cause number 2013-507,082 involved Epps' effort to be 1) declared father of the child and 2) assigned managing conservator over his offspring. Continuing jurisdiction over that dispute exists. *In re Chester*, 398 S.W.3d 795, 802 (Tex. App.—San Antonio 2011, orig. proceeding) (stating that a trial court has continuing jurisdiction over orders designating conservatorship). So, given the consolidation order, the trial court does indeed have jurisdiction to issue orders under cause number 2013-506,729.

Next, Epps contends that Jimenez lacked standing to obtain any type of conservatorship over the child because her rights were terminated via a final judgment. Yet, she petitioned for a bill of review to set aside that final judgment. The effect of the order granting that petition was to nullify the judgment or order terminating her parental rights. *Caldwell v. Barnes*, 154 S.W.3d 93, 96-98 (Tex. 2004) (stating that an order granting a bill of review nullifies the judgment being attacked and leaves the parties to

3

adjudicate the original controversy). So, because her parental rights to the child have not been terminated, it cannot be said that she lacks standing to seek and obtain conservatorship over the child because her parental rights were finally terminated.

Finally, Epps contends that the trial court abused its discretion in ordering that he pay Jimenez "$2,500 . . . if you do appeal that other matter."[2] That allegedly chilled his right to seek relief through a petition for writ of mandamus. Yet, a writ of mandamus is largely governed by equitable principles. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 138 (Tex. 2004). An appeal is a legal remedy. *In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.—Fort Worth 2009, orig. proceeding). One is not the other. Ordering he pay attorney's fees should an "appeal" of some order be undertaken is not ordering that he pay Jimenez' attorney's fees if he petitions for a writ of mandamus. So, it does not logically follow that a directive to pay fees if a party eventually "appeals" an issue when the issues becomes appealable chills the right to seek interim relief through a writ of mandamus.

Additionally, a trial court has broad discretion to award reasonable attorney's fees in matters involving the parent-child relationship (like that here). *London v. London*, 192 S.W.3d 6, 19 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); TEX. FAM. CODE ANN. § 106.002(a)(1) (West 2014) (stating that in a suit under title 5, "the court may render judgment for reasonable attorney's fees and expenses and order the judgment and post-judgment interest to be paid directly to an attorney"). And, though the decision to award fees to a prevailing party under that statute is discretionary, *In the Interest of Pecht,* 874 S.W.2d 797, 803 (Tex. App—Texarkana 1994, no writ), fees may also be awarded an unsuccessful party, depending upon the circumstances. *See London v.*

---

[2] What the "other matter" means was not defined. Nor do we have before us a written order signed by the trial court purporting to explain what was meant.

4

*London*, 192 S.W.3d at 19 (stating that "[a]ttorney's fees rendered in the prosecution or defense of a suit affecting the parent-child relationship may be awarded as necessaries to the child, even where the fees are incurred by the unsuccessful party" if warranted by good cause); *accord Nichol v. Nichol*, No. 07-12-00035-CV, 2014 Tex. App. LEXIS 492, at *13-14 (Tex. App.—Amarillo 2014, no pet.) (stating that attorney's fees cannot be awarded an unsuccessful party absent good cause). So, to the extent that Epps suggests that the trial court abused its discretion because it may not award appellate fees irrespective of whether Jimenez prevailed, he is mistaken. More importantly, he says nothing about why good cause would not support the assessment here.

Finally, by our rejection of his contentions regarding jurisdiction and standing, Jimenez prevailed in this mandamus. Assuming *arguendo* that the trial court's award of fees if Epps appealed those decisions encompassed review via a writ of mandamus, we cannot conclude that the trial court abused its discretion. Again, it may award reasonable fees to a prevailing party.

Accordingly, we deny Epps' petition for writ of mandamus.


Brian Quinn
Chief Justice

5