

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

No. 07-14-00142-CV

IN THE MATTER OF THE MARRIAGE OF KARRI NICHOLE GOLEMAN
AND CHARLES CHRISTOPHER GOLEMAN AND
IN THE INTEREST OF B.H.W.G., A CHILD

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. CD-11-40868, Honorable Trent D. Farrell, Presiding

December 11, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Karri Nichole Goleman, appeals the judgment of the trial court appointing appellee, Charles Christopher Goleman, as the joint managing conservator with the exclusive right to designate the primary residence of their child. Karri contends that the trial court erred in three ways. First, Karri contends that the trial court violated her right to confront witnesses by allowing the psychologist's report and testimony into evidence. Second, Karri contends that the trial court improperly denied her right to a jury trial. Finally, Karri contends that the evidence is legally insufficient to support the judgment of the trial court. Disagreeing with the contentions, we will affirm.

Factual and Procedural Background

Charles filed suit for divorce on September 27, 2011. Karri filed an answer and a counterpetition for divorce. The case was originally set for a final hearing, before the trial court without a jury, on September 13, 2013. However, the case was continued on motion filed by Karri's trial counsel. Subsequently, by letter dated October 21, 2013, Karri's trial counsel sought a trial by jury. The request for a jury trial was filed by the Coryell County District Clerk's Office on October 31, 2013.

On November 21, 2013, the case was called for final hearing. At that time, Karri's trial counsel contended that he had no notice that the matter had been set for final hearing at that time. Eventually, the trial court determined that the November 21, 2013 setting was a subsequent setting and, therefore, Karri's October 31, 2013 request for a jury trial was not timely. Additionally, the trial court determined that there was no proof that the setting of November 21, 2013, was agreed to, and, accordingly, the case was reset or continued until January 2, 2014.

Prior to any final hearing, the trial court ordered the parties to undergo psychological testing and evaluation, individually and with the child who is the subject of this appeal. Subsequently, Karri attempted to obtain the underlying data used in the preparation of the psychologist's report. The psychologist, Frank A. Pugliese, Ph.D., refused to turn the underlying data over to counsel for Karri because of the constraints of the rules of the Texas State Board of Examiners of Psychologists. Dr. Pugliese's deposition testimony was that he could release that data to another qualified psychologist pursuant to the rules of the Texas State Board of Examiners of

Psychologists.  Karri filed a motion to disregard the report of Dr. Pugliese.  Ultimately, the trial court overruled the motion to disregard and, Dr. Pugliese's report was admitted into evidence.

At the final hearing, the trial court heard from the parties and from the relatives and a friend of Karri's regarding the plans for the raising of the minor child.  Additionally, the trial court received Dr. Pugliese's report and his deposition testimony into evidence.  After receiving the evidence, the trial court took the matter under advisement. Later, on January 6, 2014, the trial court advised the attorneys of his decision.  A final decree of divorce was entered on March 11, 2014.  This is the order from which Karri appeals.

Karri contends on appeal that she was denied the right to confront Dr. Pugliese, when the trial court admitted his report into evidence.  She also contends that she was denied the right to a jury trial.  Finally, she contends that the evidence was legally insufficient to support the judgment of the trial court.  We disagree and affirm the judgment of the trial court.

## Dr. Pugliese's Report

### Standard of Review

An appellate court, reviews a trial court's decision to admit evidence for an abuse of discretion. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011).  A trial court abuses its discretion when its decision to admit evidence is without reference to any guiding principles or rules.  *See Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012).

<u>Analysis</u>

Karri couches her issue as a violation of her Sixth Amendment right to confrontation. *See* U.S. CONST. amend. VI. Her contention is that the trial court, by admitting the report of Dr. Pugliese, denied her right to confront him. The most basic problem with this contention is that the Sixth Amendment confrontation clause applies only to criminal prosecutions. *See In re S.A.G.*, 403 S.W.3d 907, 912 (Tex. App.—Texarkana 2013, pet. denied). There is no constitutional right to confrontation in a civil proceeding. *See id.*

As part of her objection regarding violation of the confrontation clause, Karri raised the issue of Rule 705 of the Texas Rules of Evidence. Rule 705 provides in part that an "expert may testify in terms of opinions or inference and give the expert's reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise." TEX. R. EVID. 705.[1] Karri then jumps to a conclusion, without consideration of the portion of the rule cited above but rather zeroes in on a single statement from the Texas Supreme Court: "But experts are not required to introduce such foundational data at trial unless the opposing party or the court insists." *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389-90. (Tex. 2008). The Texas Supreme Court then cites the reader back to Rule 705(a), which, in turn, requires the trial court to require the expert to order that the underlying data be disclosed. *Id.* at 390 n.34.

---

[1] Further reference to the Texas Rules of Evidence will be to "Rule ____."

In the case before the Court, the trial court heard the motion to disregard Dr. Pugliese's report and the objection to the introduction of the report. After hearing both, the trial court did not require the disclosure. Therefore, the trial court did not violate the terms of Rule 705 by denying Karri's objections and motion. Further, Karri had a mechanism available to obtain the underlying data, and trial counsel had been made aware of the procedure. Specifically, the Texas Administrative Code, Title 22, section 465.22(c)(4), provides the method whereby the underlying test data may be obtained. Karri did not attempt to comply with the provisions of the administrative code. *See* 22 Tex. Admin. Code § 465.22(c)(4) (2014) (Tex. State Bd. of Exam'rs of Psychologists, Psychological Records, Test-Data, and Test Products).

For all of the reasons set forth above we have determined the trial court did not abuse its discretion when it denied Karri's motion to disregard and objection to the introduction of Dr. Pugliese's report. Karri's issue is in all things overruled.

Jury Trial

Standard of Review

We review the trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W. 2d 664, 666 (Tex. 1996). A trial court abuses its discretion when it acts without reference to any guiding principles or rules. *See Enbridge Pipelines, L.P.*, 386 S.W.3d at 262.

5

Analysis

The record in this matter reflects that the case was set for a final hearing before the judge without a jury on September 9, 2013. Subsequently, the case was continued at the insistence of Karri's counsel. The record reflects that counsel had a criminal case set for a jury trial in another county on the same date. Thereafter, the matter was reset for November 21, 2013. In the interim period, on October 31, 2013, Karri's request for a jury trial and payment of the jury fee was processed by the District Clerk's office in Coryell County. However, the November 21, 2013 setting did not result in a final hearing as Karri's trial counsel announced he did not have notice. As a result, the case was again reset for January 2, 2014, and the matter was tried. From this record, we deduce that the request for a jury trial filed for record on October 31, 2013, was not timely made. *See* TEX. R. CIV. P. 216 (requiring that a request for a jury trial be made a reasonable time before a non-jury setting, but not less than 30 days). The subsequent setting in November was just that, a subsequent setting at the request of Karri's trial counsel. *See In re A.H.,* No. 12-10-00246-CV, 2011 Tex. App. LEXIS 8629, at *4 (Tex. App.—Tyler Oct. 31, 2011, pet. denied) (mem.op.). Accordingly, the trial court did not abuse its discretion. *See Enbridge Pipelines, L.P.*, 386 S.W.3d at 262. Karri's issue to the contrary is overruled.

Legal Sufficiency of the Evidence

Karri's final point contends that the evidence is legally insufficient to support the judgment. In attacking the trial court's decision to appoint the parents as joint managing conservators but, giving the right to determine the child's primary residence to the

6

father, Karri attempts to invoke the strictures of *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), by concluding that the after a review of the evidence, no rational trier of fact could have found for Charles.  However, such is not the standard of review in a family law case where we are reviewing the trial court's order appointing a parent as a joint managing conservator with the right to designate the primary residence of the child.

Standard of Review and Applicable Law

We review the trial court's determination of conservatorship, and the right and duties attached to each conservator, for an abuse of discretion.  *See Mauldin v. Clements*, 428 S.W.3d 247, 268 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.).  The best interest of the child is the controlling factor in making a determination regarding conservatorship and terms and conditions of conservatorship.  TEX. FAM. CODE ANN. § 153.002 (West 2014).  The trial court is given wide latitude in determining the best interest of a minor child.  *See In re M.R.,* No. 07-13-00440-CV, 2014 Tex. App. LEXIS 6220, at *16 (Tex. App.—Amarillo Jun. 9, 2014, no pet.) (mem. op.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)).

Therefore, to ascertain if the trial court abused its discretion, we must determine whether the trial court acted without reference to any guiding rules or principles, that is whether its decision was arbitrary or unreasonable.  *See Mauldin*, 428 S.W.3d at 268 (citing *Low v. Henry,* 221 S.W.3d 609, 614 (Tex. 2007)).  We must further remember that basing a decision upon conflicting evidence does not constitute an abuse of

discretion.  *See id.*  We are cognizant that the trial court is in a better position to decide the issues involved in a conservatorship case because the court faces the parties and their witnesses and can observe their demeanor.  *See In re M.M.M.*, 307 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.).

Under the abuse of discretion standard, a challenge to the legal sufficiency of the evidence is not an independent ground of error; rather, it is simply a factor in assessing whether the trial court abused its discretion.  *Gardner*, 229 S.W.3d at 751 (citing *London v. London,* 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).  We engage in a two-prong analysis: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion.  *Id.*  When we are determining whether the trial court had sufficient information, we use the traditional standards of review for legal sufficiency.  *Id.* (citing *Lenz v. Lenz,* 79 S.W.3d 10, 13 (Tex. 2002)).

We, therefore, review all of the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could do so and disregarding contrary evidence unless a reasonable fact-finder could not do so.  *See Mauldin*, 428 S.W.3d at 268 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005)).

Analysis

Without any analysis, Karri simply opines that the evidence is legally insufficient to support the judgment of the trial court.  Initially, we observe that this issue is not properly briefed.  *See* TEX. R. APP. P. 38.1(i) (the brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to

the record.)  *See Page v. State Farm Lloyds,* No. 10-12-00317-CV, 2013 Tex. App. LEXIS 14779, at *12 (Tex. App.—Waco Dec. 5, 2013, pet. denied) (mem. op.).  Mere conclusory statements, which are not supported by legal citations, do not provide the Court with any briefing upon which to base a decision about that issue.  *See id.* Accordingly, we need not consider Karri's issue regarding the legal sufficiency of the evidence.

Were we to deem the issue properly briefed, our review of the record reveals that the trial court was faced with conflicting testimony about what would serve the best interest of the minor child.  Charles testified about his job situation, living arrangements, plans for how to get the child to school every day, and after-school care.  Karri's testimony was centered on the fact that she did not like the plans Charles had for getting the child to school and for after-school care.  In Karri's opinion, she was better suited because she could be with the child at all times.  This was so because Karri was not employed.  How she was to cover the cost of living was largely ignored.  Karri also produced testimony from relatives who all agreed that they did not think a third party should have the child in their possession as much as Charles's plan would have entailed.  Telling, however, was the fact that none of these witnesses testified about how the mother, Karri, and the minor child were to have lived without any income, other than what Charles was paying in child support.

Additionally, there was the report of Dr. Pugliese.  This report indicated a number of concerns with Karri's ability to parent the child properly, linked primarily with her lack of funds or motivation to acquire a job.  Essentially, the psychologist found that Karri

9

was simply too unstable, emotionally and otherwise, for him to recommend her as the conservator with the right to determine the child's residence.

Remembering that it is up to the fact-finder to resolve the conflicts in the testimony based upon its view of the credibility and believability of the witnesses, we find that there is legally sufficient evidence to support the trial court's determination that the best interest of the child is served by the appointment of Charles as the joint managing conservator with the right to determine the residence of the child. *See City of Keller,* 168 S.W.3d at 819. Accordingly, the trial court did not abuse its discretion. *Mauldin*, 428 S.W.3d at 268. Karri's issue is overruled.

Conclusion

Having overruled each of Karri's issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice