**Opinion filed November 7, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-19-00189-CV

_____

## IN THE INTEREST OF J.F., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 08921-CX**

### M E M O R A N D U M   O P I N I O N

This appeal stems from an order entered in a suit affecting the parent-child relationship. The suit was filed by the Department of Family and Protective Services. The trial court held a bench trial and entered an order in which it (1) appointed the intervenors, who were fictive kin in this case, as the sole managing conservators of the child, J.F.; (2) removed the Department as a conservator; (3) appointed the child's mother as a possessory conservator; (4) declined to appoint the child's father as any type of conservator of the child; (5) ruled that the father shall have no possession of or access to the child; and (6) ordered the mother and the father to pay child support to the intervenors. The trial court did not terminate the

parental rights of the father, but it found that appointing the father as a conservator "at this time . . . is not in the best interest of the child" and that granting "possession of or access to the child . . . would endanger the physical or emotional welfare of the child." The child's father filed a notice of appeal. We affirm.

In his sole issue on appeal, Appellant asserts that the trial court abused its discretion in failing to appoint him as a possessory conservator with restricted access. Appellant contends that the evidence is legally and factually insufficient to overcome the statutory presumption that his appointment as a possessory conservator with access to the child is in the child's best interest.

The statutory presumption to which Appellant refers is found in Section 153.191 of the Texas Family Code. Under that section, a trial court "shall appoint as a possessory conservator a parent who is not appointed as a sole or joint managing conservator" unless the trial court finds that the appointment is not in the best interest of the child and that the parent's possession of or access to the child "would endanger the physical or emotional welfare of the child." TEX. FAM. CODE ANN. § 153.191 (West 2014). The terms of an order by which a trial court denies possession or imposes restrictions on a parent's right to possession or access "may not exceed those that are required to protect the best interest of the child." *Id.* § 153.193.

The best interest of the child is always the primary consideration of the court in determining the issues of conservatorship, possession, and access with respect to a child. *Id.* § 153.002. A trial court is given wide latitude in determining the best interest of a child, and the trial court's determination in this regard is reviewed under an abuse-of-discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). "Conservatorship determinations . . . are subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie*, 644 S.W.2d at 451).

Thus, when addressing an appellate issue challenging a trial court's determination of conservatorship, we do not treat legal and factual sufficiency challenges as independent grounds of error but, rather, as factors used to determine whether the trial court abused its discretion. *In re J.J.G.*, 540 S.W.3d 44, 55 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.); *London v. London*, 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see J.A.J.*, 243 S.W.3d at 616. We must also keep in mind that a trial court's findings as to conservatorship must only be supported by a preponderance of the evidence, rather than by clear and convincing evidence. *J.A.J.*, 243 S.W.3d at 616; *see* FAM. § 105.005 (West 2019).

At the time of the trial in this case, J.F. was almost eight years old. He had lived with his mother until she and her boyfriend were pulled over and found to be in possession of drugs. J.F. was later placed with Appellant. The Department subsequently removed J.F. from Appellant's care in November 2017. After removal, Appellant did not comply with the trial court's orders, which included submitting to a drug test and completing a substance abuse assessment, and did none of his services.

J.F.'s mother testified that, if J.F. were returned to her, she would not let Appellant visit J.F. until Appellant could prove to her that he had a place to live and was "clean from drugs." The mother also testified that Appellant was "so not stable" and that he had no place to live and no job. The mother indicated that she would not keep J.F. from Appellant forever—just until she had some type of assurance that it was safe for J.F. to be around Appellant. The mother also testified that, as of the time of trial, she believed that Appellant's parental rights should be terminated.

The conservatorship caseworker testified that Appellant did not comply with the services that were ordered during the Family Based Safety Services case and that the Department removed J.F. from Appellant's care after receiving the results of

Appellant's and J.F.'s court-ordered drug tests. Based upon the results of the hair follicle testing on November 1, 2017, the Department was concerned about "drug use and drug exposure," and the trial court named the Department as temporary managing conservator on November 3, 2017. Both Appellant and J.F.'s mother had a history of drug use and instability.

Appellant indicated at trial that J.F.'s exposure to methamphetamine was attributable to J.F.'s mother, not to Appellant. However, other evidence in the record belies Appellant's suggestion that the mother was to blame for J.F.'s exposure to drugs with respect to the November 1, 2017 drug test. The mother was arrested in June 2017 on a motion to revoke. A certified copy of the judgment adjudicating the mother's guilt for the state jail felony offense of possession of methamphetamine, an offense which the mother had committed in 2014, was admitted as an exhibit at trial. That judgment reflects that the mother was in jail from June 17, 2017, through November 29, 2017—the date of sentencing. The mother did not see J.F. while she was in jail.

When J.F. was removed from Appellant's care, he was placed with the intervenors—where his younger half-sister had also been placed. J.F.'s life prior to removal was "very chaotic." J.F. had behavioral issues, trust issues, and a problem with defecating on himself. He was doing poorly in school, had trouble sleeping, and had "very extreme behaviors, very extreme anger outbursts." J.F.'s problems improved tremendously after he was removed from his parents and placed with the intervenors. J.F. is happy with the intervenors, and he never asks to visit Appellant.

At trial, Appellant testified that he thought J.F. should be returned to the mother. Appellant requested that he be awarded possessory conservatorship with a standard possession order.

After reviewing the record, we hold that the trial court did not abuse its discretion when it declined to appoint Appellant as a possessory conservator and

restricted his possession of and access to J.F. The evidence was sufficient to rebut the statutory presumption and to support the trial court's findings that (1) appointing Appellant as a conservator "at this time . . . is not in the best interest of the child" and (2) granting "possession of or access to the child . . . would endanger the physical or emotional welfare of the child." Based on the evidence presented at trial, it was well within the trial court's discretion to determine that limiting Appellant's possession and access was required to protect J.F.'s best interest and that J.F.'s physical health or emotional development would be significantly impaired if Appellant were appointed as a possessory conservator. *See* FAM. §§ 153.191, .193. Appellant's sole issue on appeal is overruled.

We affirm the order of the trial court.

KEITH STRETCHER
JUSTICE

November 7, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.