**Opinion filed January 31, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00265-CV

_____

## IN THE INTEREST OF S.M.A., B.M.N., AND T.J.N., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9023-CX**

## M E M O R A N D U M   O P I N I O N

This appeal stems from a final order entered in a suit affecting the parent–child relationship. The Department of Family and Protective Services had filed a petition for protection of the children and for termination of the parents' parental rights. The parties reached an agreement with respect to B.M.N. and T.J.N., and the trial court approved that agreement. Pursuant to the agreement, the trial court appointed the maternal grandfather and his wife as permanent managing conservators of B.M.N. and T.J.N. and appointed the parents of B.M.N. and T.J.N. as possessory conservators. The trial court conducted a bench trial as to S.M.A. and ultimately entered an order in which it appointed the Department as the permanent

managing conservator of S.M.A. and the mother as a possessory conservator. The mother filed a notice of appeal. She complains in her sole issue on appeal that the trial court abused its discretion when it appointed the Department, rather than the maternal grandfather, as S.M.A.'s permanent managing conservator. We affirm.

*Appointment of Permanent Managing Conservator*

Appellant's issue is based on a finding made by the trial court pursuant to Section 263.404(a)(2) of the Family Code. Section 263.404 provides in part:

> (a) The court may render a final order appointing the department as managing conservator of the child without terminating the rights of the parent of the child if the court finds that:
>
>> (1) appointment of a parent as managing conservator would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development; and
>>
>> (2) it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator.
>
> (b) In determining whether the department should be appointed as managing conservator of the child without terminating the rights of a parent of the child, the court shall take the following factors into consideration:
>
>> (1) that the child will reach 18 years of age in not less than three years . . . .

TEX. FAM. CODE ANN. § 263.404(a), (b) (West 2019). The trial court found, pursuant to subsection (a)(2), that it would not be in the best interest of S.M.A. to appoint a relative or another person as S.M.A.'s managing conservator. We note that the trial court also made a finding pursuant to subsection (a)(1), but Appellant does not challenge that finding. We also note that S.M.A. was seventeen years old at the time of the final hearing.

2

A trial court's decision regarding whom to appoint as a child's conservator is governed by a preponderance-of-the-evidence standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing FAM. § 105.005). We review a determination of conservatorship only for abuse of discretion. *Id.*; *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Under this standard, legal and factual sufficiency challenges are not independent grounds of error but factors used to determine whether the trial court abused its discretion. *In re A.D.A.*, No. 11-12-00002-CV, 2012 WL 4955270, at *1 (Tex. App.—Eastland Oct. 18, 2012, no pet.) (mem. op.) (citing *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.); *London v. London*, 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The best interest of the child is always the primary consideration of the court in determining managing conservatorship. FAM. § 153.002 (West 2014).

*Evidence Related to Conservatorship*

The record reflects that the final hearing commenced on December 3, 2018. At that hearing, the evidence showed that S.M.A. had behavioral issues that posed a problem with his placement. All three children had previously been placed with the maternal grandfather and his wife. However, because of the problems that S.M.A. was causing there, he was next placed with his maternal grandmother and her husband. That placement was no longer an option at the time of the hearing; nor was conservatorship an option—as the grandmother and her husband did not want to be appointed as S.M.A.'s permanent managing conservators. According to the Department's conservatorship caseworker, the maternal grandmother and her husband "basically just kind of want[ed] to wash their hands of the whole situation role," and the maternal grandfather and his wife were willing to be S.M.A.'s permanent managing conservators but were not willing to be a placement for him. They would permit him to live with his girlfriend's family.

The maternal grandfather's wife testified at the December 2018 hearing that S.M.A. would not be permitted to live with her and her husband but that she and her husband were willing to be S.M.A.'s legal conservators until he turned eighteen. The consensus of the witnesses who testified at the December 2018 hearing, including a CASA representative and the father of S.M.A.'s girlfriend, seemed to be that the best placement for S.M.A. would be with the girlfriend's family. At the end of the December 2018 hearing, the trial court announced in open court that the girlfriend's parents were to be appointed as the managing conservators of S.M.A.

By mid March 2019, however, the girlfriend's parents were no longer willing to be a placement for S.M.A. S.M.A. had run away from their home in early March. S.M.A. was located by the police and taken to the maternal grandfather's home—the same home from which S.M.A. had previously been removed for the benefit of his two younger siblings. By the time of the March 2019 hearing, the Department had begun taking steps with S.M.A. to try to get him back on his medication. The conservatorship caseworker believed at the time of the March 2019 hearing that it "would be helpful" to name the Department as S.M.A.'s permanent managing conservator so that "a backup plan for placement" would be available if something were to happen at the grandfather's home—as had happened earlier in the case when S.M.A. had to be removed from that home. The grandfather testified that S.M.A.'s behavior had improved and that, at that time, he was willing to be appointed as a managing conservator for S.M.A.

After reviewing the record, we hold that the trial court did not abuse its discretion when it appointed the Department, rather than the maternal grandfather, as the child's permanent managing conservator. The evidence supports the trial court's finding that it would not be in the best interest of S.M.A. to appoint a relative as managing conservator. *See* FAM. 263.404(a)(2). Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

January 31, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.